JOAN C. BLASDEL *vs.* SUSAN C. FOWLE & another.

Suffolk. March 22. — June 26, 1876. COLT & LORD, JJ., absent.

A secret agreement in fraud of creditors, under which a bankrupt is to pay the debt of his assignee in full, if he will assent to his discharge, is illegal at common law, and contrary to the provisions of the United States bankrupt act.

A note and mortgage on her separate property made and signed by the wife of a bankrupt, at his request, in pursuance of an agreement, under which the bankrupt was to pay the debt of his creditor and assignee in full, if he would assent to his discharge in bankruptcy, are without consideration and void; and it is immaterial that the note and mortgage were executed after the discharge, and that the wife did not know of the agreement.

All instruments made for the purpose of giving effect to an illegal agreement are tainted with the illegality, and cannot be enforced in a court of equity.

BILL IN EQUITY, by the holder of a mortgage upon a parcel of land, to redeem a prior mortgage thereon. Hearing, on the pleadings and an agreed statement of facts, before *Ames,* J., who reserved the case for the consideration of the full court. The facts appear in the opinion.

*H. L. Hazelton,* for the plaintiff.

*F. A. Brooks & F. Morison,* for the defendants.

ENDICOTT, J. The material facts in this case may be briefly stated. The plaintiff derives her title to the mortgage, described in the bill, under the will of her husband, John C. Blasdel. He was assignee in bankruptcy, and one of the largest creditors, of Charles L. Fowle ; and his vote in favor of Fowle's discharge was given upon an agreement with Fowle that his debt, less the dividend, should be paid in full by Fowle after his discharge, as if no discharge had been obtained. Fowle obtained his discharge, and Blasdel demanded payment. A note was made for

the amount previously agreed upon, and signed by the defendant, Susan C. Fowle, wife of the bankrupt, and secured by the mortgage on her separate property, which is the subject matter of this suit. She signed the note and mortgage at the request of her husband, with no consideration moving to her benefit or the benefit of her property.

The agreement under which the bankrupt was to pay the debt of his creditor and assignee in full, if he would assent to the discharge, was illegal at common law, and contrary to the provisions of the bankrupt act. It was a secret agreement in fraud of creditors, and cannot be enforced in any form of proceeding. U. S. Rev. Sts. § 5131. *Cockshott* v. *Bennett*, 2 T. R. 763. *Phelps* v. *Thomas*, 6 Gray, 327. *Case* v. *Gerrish*, 15 Pick. 49. *Coates* v. *Blush*, 1 Cush. 564. *Partridge* v. *Messer*, 14 Gray, 180. *Dexter* v. *Snow*, 12 Cush. 594. *Downs* v. *Lewis*, 11 Cush. 76. *Ramsdell* v. *Edgarton*, 8 Met. 227. *Smith* v. *Bromley*, 2 Doug. 696, and note.

The fact is not important that the note of the wife and the mortgage securing it were made after the discharge was obtained, as the only consideration of either rested on the illegal and fraudulent agreement between Blasdel and Fowle. Nor is it material whether the wife knew of the fraudulent agreement when she made the note and mortgage ; for the agreement being illegal and void, all instruments made for the purpose of giving it effect are tainted with the illegality, and will not be enforced by a court of equity.

The plaintiff in this case cannot stand in a better position than her testator, and the entry must be

*Bill dismissed with costs.*