JESSE TIRRELL *vs.* KNOWLES FREEMAN & another.

Suffolk. March 6. — May 11, 1885. W. ALLEN, COLBURN, & HOLMES, JJ., absent.

If a bankrupt debtor orally promises to pay a creditor's debt in full, if the creditor will sign an assent to his discharge and enable him to obtain it, and the debtor, after having thus obtained his discharge, gives, in execution of his oral promise, a written promise to pay the debt, no action can be maintained thereon.

CONTRACT, on five promissory notes, each for $2000, dated January 1, 1878, payable, respectively, eighteen, twenty-four, thirty, thirty-six, and forty-two months after date, to the plaintiff, and signed by the defendants.

The answer alleged, "that, on or about February 10, 1876, the defendants filed their petition in bankruptcy in the District Court of the United States for the District of Massachusetts, whereon due and proper proceedings were had, and they were duly adjudged bankrupt; that the plaintiff was then a creditor

of the defendants in a large amount, to wit, in the sum of
$11,392.62, and said claim was provable, and was proved by the
plaintiff in said proceedings; that at a meeting of the creditors
of said bankrupts, duly called under the direction of said District
Court, said creditors did, by the majority thereof required there-
for by the then existing statutes of the United States in relation
to bankruptcy, and assembled at said meeting, duly resolve that
a composition proposed by said bankrupts should be accepted
in satisfaction of the debts due them, the said creditors, by the
said bankrupts; that the defendants thereafter made application
to the plaintiff, among others of said creditors, for his signature
to said resolution, for the purpose of having the same confirmed
in accordance with the provisions of said statutes; that the
plaintiff refused to sign said resolution and consent thereto, un-
less the defendants would agree to pay his said claim in full, and
to give him in payment thereof within a specified time there-
after, to wit, within twelve months from the first day of Decem-
ber in said year, four promissory notes of the defendants for the
sum of $2500 each, payable respectively in thirty, thirty-six,
forty-two, and forty-eight months, with interest on each note
after twelve months from the date thereof, and would further
agree to pay him the further sum of $2076.41, less the dividends,
if any, that might thereafter be received from the estate of
the firm of Parker, Burgess, & Co., after having paid him the
aforesaid notes, and at a time mutually to be agreed upon, and
dependent upon their prosperity in business; and the plaintiff
threatened that, unless the defendants would so agree as afore-
said, he would stop them where they were, (that is to say, in
said bankruptcy proceedings,) and would oppose their becoming
discharged by said bankruptcy proceedings from their indebted-
ness; and the plaintiff promised that, if the defendants would so
agree as aforesaid, he would sign and consent to said resolution,
and would also help them to get the consent of others of their
creditors thereto, and would help them to get discharged as
aforesaid; and the plaintiff further agreed that said notes should
not be made negotiable, and promised that at the maturity
thereof he would renew the same, or such parts thereof as they
might desire, provided interest was added thereto, and that in
case of his death his executors and heirs should do the same;

that the defendants, in consideration solely of said threats and promises, orally promised to give such notes and pay such sum; and thereafter, in pursuance thereof, the plaintiff did sign and consent to said resolution, and did forbear to oppose the defendants becoming discharged as aforesaid, and did help them to get the consent of others of their creditors to said resolution, and did help the defendants to get discharged as aforesaid.

"And defendants further say, that on or about December 1, 1876, in consideration of said promises and threats and acts of the plaintiff, they gave the plaintiff a written agreement, wherein they agreed, as soon as they should get their discharge in bankruptcy, to give the plaintiff four notes for $2500 each, payable in thirty, thirty-six, forty-two, and forty-eight months; and also thereafter, to wit, on or about January 1, 1878, for the same consideration, gave the plaintiff, among other things, the five notes declared on, in lieu of the four notes so agreed to be given as aforesaid.

"And defendants further say, that, on October 17, 1876, the defendants filed a second petition in bankruptcy in said court, whereon such proceedings were had that the defendants thereafter, to wit, on or about September 1, 1877, duly obtained their discharge; but in said second bankruptcy proceedings the plaintiff neither proved any claim, nor was mentioned as a creditor in the schedules filed therein.

"And defendants, further answering, say, that the notes declared on were given by them to the plaintiff for and with the intent, as the plaintiff well knew, to induce the plaintiff to forbear opposing their said application for their discharge from their indebtedness."

The plaintiff demurred to the answer, assigning as cause therefor that it did not set up any legal defence to the action.

In the Superior Court, the demurrer was sustained, and judgment ordered for the plaintiff. The defendants appealed to this court.

*J. Lowell & J. H. Flint*, for the plaintiff.

*S. H. Tyng*, for the defendants.

FIELD, J. The plaintiff, having proved his debt, signed the resolution of composition of the defendants, (who were bankrupt

debtors, under a petition filed on or about February 10, 1876,) in consideration of an oral promise by the debtors that they would pay the plaintiff his debt in full, by giving him four promissory notes therefor, and would pay a further sum in money. The resolution was confirmed by the signatures of the debtors, and the requisite number of creditors, including the plaintiff, and it was ordered to be recorded by the court, whereby the debtors were discharged from their debts. Subsequently, on December 1, 1876, the debtors gave the plaintiff a written agreement to give the notes, and "thereafter, on or about January 1, 1878, for the same consideration, gave the plaintiff, among other things, the five notes declared on, in lieu of the four notes so agreed to be given aforesaid."

On October 17, 1876, the defendants filed a second petition in bankruptcy, and were adjudged bankrupt debtors thereon, and obtained their discharge; but the plaintiff, under this bankruptcy, did not prove his claim, nor was he "mentioned as a creditor in the schedules filed therein." It is conceded by the plaintiff that the oral promise was void, not only because it was not in writing, but also because it was illegal, and made in fraud of creditors and the laws relating to bankruptcy. Gen. Sts. c. 105, § 3. Pub. Sts. c. 78, § 3. U. S. Rev. Sts. § 5131. *Blasdel* v. *Fowle*, 120 Mass. 447. *Dexter* v. *Snow*, 12 Cush. 594. See also *Cobb* v. *Tirrell*, 137 Mass. 143.

The contention of the plaintiff appears to be, that, as there was no new promise sufficient in form to revive the old debt, before the written agreement of December 1, 1876, — which was after the second bankruptcy, — that agreement must be regarded as voluntarily given; that the old debt, although discharged in bankruptcy, was a sufficient consideration; that the effect of the composition in the first bankruptcy cannot be impeached in this suit; *Farwell* v. *Raddin*, 129 Mass. 7; that the plaintiff was not a creditor under the second bankruptcy; that the giving of the written agreement was not in fraud of the creditors under the second bankruptcy, as the debts discharged by the first bankruptcy were not provable under the second; that, if the discharge in the first bankruptcy could have been held invalid in the second bankruptcy, the discharge in the second bankruptcy discharged the debts of the creditors in the first

bankruptcy; and that the plaintiff has not aided the defendants in obtaining this discharge.

We are unable to see that the second bankruptcy has anything to do with the case. It is true, that the plaintiff did not aid the defendants to obtain a discharge in the second bankruptcy, and the agreement was not given in consideration of anything done, or for the purpose of affecting any proceedings, in the second bankruptcy. If the composition in the first bankruptcy had been seasonably set aside, and the debtors had not obtained their discharge therein, creditors under the first bankruptcy could have proved the remainder of their debt under the second bankruptcy; but the composition has not been set aside, and it may perhaps be assumed that the defendants have been effectually discharged of their debts under both proceedings in bankruptcy. It cannot, however, be assumed that the defendants would have obtained their discharge in the second bankruptcy, if they had not also obtained it in the first, and the proceedings in the first bankruptcy cannot be treated as of no effect, or as immaterial.

The defendants could not have been compelled to give a written promise in accordance with their oral promise; but they have given such a written promise, and the question comes to this, whether, if a bankrupt debtor orally promises to pay a creditor's debt in full if the creditor will sign an assent to his discharge and enable him to obtain it, and the debtor, after having thus obtained his discharge, gives, in execution of his oral promise, a written promise to pay the debt, the written promise is tainted with the original fraud. Of this we have no doubt. The purpose is to carry the original fraudulent agreement into effect. *Blasdel* v. *Fowle, ubi supra.*

The judgment must be reversed, and the demurrer overruled. *So ordered.*