Filed Nov. 29, 1887.

----

No. 12,773.

### CAREY ET AL. *v.* HESS.

BANKRUPTCY.—*Discharge.*—*New Promise.*—*Consideration.*—A promise by a bankrupt to pay, as soon as he is able, a debt suspended by his discharge in bankruptcy, revives such debt, and the creditor may enforce payment upon the happening of the contingency mentioned, the old debt being a valid and sufficient consideration for the new promise to pay it.

SAME.—*Composition.*—*Secret Preference.*—*Fraud.*—Where creditors unite in a composition agreement, a secret promise by the debtor to one creditor to pay him more than the others, or to pay him in full if he will consent to the composition, is void, and this doctrine applies to compositions in bankruptcy proceedings.

From the Hamilton Circuit Court.

*D. Moss, R. R. Stephenson, J. A. Roberts* and *W. R. Fertig,* for appellants.

*J. Stafford,* for appellee.

ELLIOTT, J.—The first paragraph of the appellee's complaint alleges that, on the 3d day of February, 1878, the ap--

Carey *et al. v.* Hess.

pellee recovered judgment against the appellant Sylvanus Carey for $3,901.93; that in that year the latter was adjudged a bankrupt on his own petition, and that in June of that year he made a composition agreement with· his creditors, which was subsequently approved by the court of bankruptcy jurisdiction, and he was discharged; that, after the agreement of composition, the appellant Sylvanus Carey promised the appellee that as soon as he got able he would pay him the amount of the judgment, and did pay the sum of ten dollars to the appellee at one time and the sum of twenty-five dollars at another time; that the appellant is and has been for the last two years amply able to pay the indebtedness in full; that he is the owner of personal and real property of the value of twenty-five thousand dollars; and that the judgment remains unpaid.

The second paragraph of the complaint contains substantially the same allegations as the first, except that its allegations as to the new promise of Sylvanus Carey are, in substance, these: " That to induce the plaintiff to file his judgment, make the necessary proof in bankruptcy and release the lien of his judgment and preferences, and accept ten per cent., the amount agreed upon in the composition agreement, he, the said Sylvanus Carey, would, just as soon as he got able, pay the plaintiff's claim in full, and that as soon as he got rid of the Landers debt at ten cents on the dollar he would be able; that he would pay plaintiffs' judgment in full after he completed his compromise with his creditors."

In our opinion the first paragraph of the complaint is good. The debt due the appellee was a valid and sufficient equitable consideration for the new promise to pay it. *Wills* v. *Ross,* 77 Ind. 1 (40 Am. R. 279); *Proctor* v. *Cole,* 104 Ind. 373; 15 Cent. L. J. 386.

The discharge in bankruptcy suspended the original debt, but did not satisfy it, in whole or in part. The new promise revived the original debt, and the appellee has a right to enforce payment. *Wiggin* v. *Hodgdon,* 63 N. H. 39; *Lerow* v.

*Wilmarth,* 7 Allen, 463; *Cook* v. *Shearman,* 103 Mass. 21; *Corliss* v. *Shepherd,* 28 Maine, 550; *Otis* v. *Gazlin,* 31 Maine, 567; *Roberts* v. *Morgan,* 2 Esp. 736; *Trueman* v. *Fenton,* 2 Cowp. 544; *Birch* v. *Sharland,* 1 T. R. 715; *Brix* v. *Braham,* 1 Bingh. 281; *Kirkpatrick* v. *Tattersall,* 13 M. & W. 766; *Stilwell* v. *Coope,* 4 Denio, 225; *Donnell* v. *Swaim,* 3 Pa. L. J. 393; *Lannagin* v. *Nowland,* 44 Ark. 84; *Katz* v. *Moessinger,* 7 Bradw. 536; *Fraley* v. *Kelly,* 67 N. C. 78; *Knapp* v. *Hoyt,* 57 Iowa, 591 (42 Am. R. 59). These authorities decide not only that the new promise will revive the original debt, but, also, that the promise, although made before the discharge, is valid.

The conditional promise was valid and became enforceable when the contingency named happened—that is, when the appellant became financially able to perform his promise. *Way* v. *Sperry,* 6 Cush. 238 (52 Am. Dec. 779, n.); *Veasey* v. *Reeves,* 6 Ind. 406.

The second paragraph of the complaint is bad. It is a settled doctrine of equity jurisprudence, that where creditors unite in a composition agreement a secret promise by the debtor to one creditor to pay him more than the others is void. There is no reason why this settled doctrine should not apply to compositions in bankruptcy proceedings. There are, indeed, stronger reasons for its application in such cases than in any other, and the authorities do apply it to compositions in bankruptcy proceedings. *Blasdel* v. *Fowle,* 120 Mass. 447; *Tirrell* v. *Freeman,* 139 Mass. 297; *Woodman* v. *Stow,* 11 Bradw. 613; *Austin* v. *Markham,* 10 N. B. Reg. 548; *Bean* v. *Brookmire,* 7 N. B. Reg. 568.

In the complaint before us there appears something more than a secret preference, for it appears that the promise was made to induce the creditor to file his claim and agree to the composition, and this was a fraud on other creditors, since it tended to show that the ten per centum was the most that could be realized.

It is no doubt true that the plaintiff might have sued on

·the original judgment, and to the plea of discharge have replied the new promise. *Way* v. *Sperry, supra; Cook* v. *Shearman,* 103 Mass. 21; *Farmers* v. *Flint,* 17 Vt. 508; *Badger* v. *Gilmore,* 33 N. H. 361 (66 Am. Dec. 729); *Van Dorn* v. *Bodley,* 38 Ind. 402; *Shockey* v. *Mills,* 71 Ind. 288. But he has not pursued this course. He has undertaken to .anticipate the defence, and in this has failed, since he has .stated, and not avoided, a valid defence. *Knopf* v. *Morel,* 111 Ind. 570.

The demurrer to the second paragraph of the complaint .should have been sustained.

Judgment reversed.

