Filed May 29, 1888.

---

No. 13,361.

## WILLIS ET AL. *v.* CUSHMAN.

EXEMPTION FROM EXECUTION.—*Law Governing.—Bankruptcy.—Revivor of Discharged Debt.—Promissory Note.*—Where a debtor, who was discharged in bankruptcy in 1879, afterwards, in 1880, executes a new note for a debt from which he was released by the discharge, the original debt is revived, but only as of the date of the new note; and where a judgment is obtained upon such note, the debtor is entitled to claim an exemption of six hundred dollars, as provided by the law in force at the time of its execution.

From the Sullivan Circuit Court.

*J. C. Briggs* and *W. C. Hultz,* for appellants.

*W. S. Maple, J. T. Beasley* and *A. B. Williams,* for appellee.

HOWK, J.—In this case errors are assigned here by appellants, defendants below, which call in question (1) for the first time the sufficiency of the facts stated in the complaint

to constitute a cause of action, and (2) the trial court's conclusions of law upon its special finding of facts herein.

Plaintiff, Cushman, sued the defendants herein in an action of replevin, to recover the possession of certain personal property, all in Sullivan county, Indiana. The complaint was good beyond all doubt when questioned, as it was, after trial and finding thereon, with all their curative virtues, for the first time by an assignment of error in this court. Defendants answered by a general denial of the complaint herein. The issues joined were tried by the court, and, at defendants' request, the court made a special finding of facts herein, and thereon stated conclusions of law in favor of plaintiff, and rendered judgment accordingly.

The facts found by the court were, substantially, as follows:

1. On the 2d day of January, 1875, plaintiff became indebted to one James K. Medsker in the sum of $250, and plaintiff then executed to Medsker his promissory note for such debt.

2. On the — day of ——, 1879, plaintiff, Cushman, was duly discharged in bankruptcy by the United States Court, having competent authority in that behalf, and received his discharge as provided by law; and the aforesaid debt was duly filed in said bankruptcy proceeding, and allowed by the court therein, but no part of the debt was paid at the time said Cushman so received his discharge in bankruptcy.

3. On February 1st, 1880, plaintiff executed his promissory note to said Medsker in the sum of $308.25, with interest at 6 per cent. per annum, and due three years after date, waiving valuation or appraisement laws; which last mentioned note was given for said debt evidenced by the note so filed in bankruptcy as aforesaid, with the accrued interest, and for no other consideration.

4. On the — day of March, 1883, said last mentioned note was assigned to defendant William A. Hawkins for a valuable and sufficient consideration.

5. Defendant William A. Hawkins duly recovered a judgment on said last executed note, in the Sullivan Circuit Court, at its June term, 1885, against said Thomas K. Cushman for $272.35, the balance of unpaid principal and interest thereof, which judgment is still in full force and unpaid, and has never been stayed, and said judgment was rendered on July 3d, 1885.

6. On July 27th, 1885, an execution was duly issued on said judgment, on the order of said Hawkins, by the clerk of such court, and delivered to defendant Willis, sheriff of Sullivan county, who, on January 12th, 1886, levied said execution on certain described personal property, being the same now in suit. Plaintiff claimed such property as exempt from said execution, and claimed and demanded that $600 worth of property should be set off to him and exempted from said execution, and defendants only conceded to plaintiff the right to have $300 worth of property set off and exempted from said execution.

7. Plaintiff thereupon prepared a proper schedule and appraisement, and presented the same to defendant Willis, then sheriff of such county, and claimed said property as exempt from sale on said execution, and demanded that the same should be set apart as exempt, all of which proceedings, claiming said property as exempt, were had and done in due form of law, and said property was and is of the value of $500. The defendants requested plaintiff to select out of said property an amount equal in value to $300, but plaintiff refused to select any part thereof, but claimed and demanded all of said property as exempt from sale on said execution, and defendants refused such demand.

8. The plaintiff is, and for ten years last past has been, a resident householder of Sullivan county, Indiana.

9. On June 23d, 1886, plaintiff commenced this suit for the replevin of said property.

10. Proper steps have been taken to preserve the said levy by duly issuing a *venditioni exponas.*

11. Said execution was issued on a judgment as aforesaid, which said judgment was founded on a complaint, which said complaint was in these words: Setting out a copy of William A. Hawkins' complaint on the note last executed on the 1st day of February, 1880, and also a copy of such note, which we omit.

Upon the foregoing facts the trial court stated its conclusions of law, substantially, as follows:

1. Plaintiff is entitled to have $600 worth of property exempt from sale on said execution.

2. Plaintiff is the owner, and entitled to the possession, of the property described in finding No. 6.

(Signed) "JOHN T. HAYS, *Special Judge.*"

We are of opinion that, upon the facts specially found, the trial court did not err in its conclusions of law, or either of them. The question for decision in this case may be thus stated: Upon the facts found by the trial court, what amount of property was the plaintiff, Cushman, entitled to claim and hold, under the law of this State, as exempt from seizure or sale for the payment of his debt to the defendant Hawkins? The defendants virtually conceded that plaintiff was entitled to claim $300 worth of property as exempt from seizure or sale on said Hawkins' execution, for the court found as a fact that they requested plaintiff to select out of his property an amount equal in value to $300. But plaintiff claimed and demanded all of his property, which the court found to be of the value of $500, as exempt from sale on said execution. In section 22 of the Bill of Rights of our State Constitution of November 1st, 1851, it is provided as follows:

"The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted; and there shall be no imprisonment for debt, except in case of fraud."

In accordance with the requirements of this section of the

Bill of Rights, the General Assembly of this State, at the first session thereof after the taking effect of the Constitution of 1851, enacted a law entitled "An act to exempt property from sale in certain cases," approved February 17th, 1852. In the first section of this act it was provided that an amount of property, not exceeding in value $300, owned by any resident householder, should not be liable to sale on execution, or any other final process from a court, for any debt growing out of or founded upon a contract, express or im-. plied, "after the 4th of July," 1852. 2 R. S. 1876, p. 353. This section remained in force, just as it was enacted, until May 31st, 1879, when it was superseded by an amended section, now known as section 703, Rev. Stat. 1881, and since in force, which reads as follows:

"An amount of property not exceeding in value six hundred dollars, owned by any resident householder, shall not be liable to sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract, express or implied, after the taking effect of this act."

Applying this statement of our exemption laws to the facts found by the trial court, it will be seen that when plaintiff first became indebted to James K. Medsker, on the 2d day of January, 1875, the law allowing an exemption of property not exceeding in value $300 was in force, and that when plaintiff gave Medsker a new note for the debt, on February 1st, 1880, the law allowing an exemption of property not exceeding in value $600 was, as it still is, in full force. Hawkins recovered his judgment on the note last executed, but he claims that plaintiff is entitled to an exemption of only $300 worth of property on the execution on his judgment, because, he says that the note last executed was given for the same debt evidenced by plaintiff's first note to Medsker.

There can be no doubt that plaintiff's discharge in bankruptcy, as found by the court, released him absolutely from all legal and personal liability upon his first promissory note

to said James K. Medsker. Such discharge operated as an actual extinguishment of all pre-existing debts, claims, liabilities and demands, against the said bankrupt Medsker, which were or might have been proved against his estate in bankruptcy. Section 5119, Rev. Stat. U. S.; *Root* v. *Espy,* 93 Ind. 511; *Post* v. *Losey,* 111 Ind. 74.

But while this is so, plaintiff's discharge in bankruptcy did not pay his debt to Medsker, but left him morally bound to pay such debt if able to do so at some future time. This moral obligation resting on plaintiff constituted a sufficient consideration for the promissory note he executed to Medsker after his discharge in bankruptcy, on the 1st day of February, 1880, as found by the trial court. It is true that the new promissory note revived the original debt of plaintiff to Medsker. *Carey* v. *Hess,* 112 Ind. 398, and cases cited. But it can not be said, we think, that the laws in force at the time the original debt was contracted, and repealed or superseded before the execution of the new note, are also revived and made the measure of the rights and remedies of the parties in relation to said new note. On the contrary, it must be held that the rights and remedies of the parties to such new note must be measured and governed by the statutes affecting their rights and remedies in force at the time the remedy is sought. The original debt was revived when the new promissory note was given, not as of the date when such original debt was contracted, but as of the date of such new note. See *Davis* v. *Rupe,* 114 Ind. 588.

The judgment is affirmed, with costs.

Filed May 29, 1888.