## CHRISTIAN DEVRIES *vs.* HELEN E. OREM

*Illegality of Contract to Pay Additional Compensation to Trustee in Bankruptcy.*

A contract by which a creditor of a bankrupt agrees to pay to his trustee in bankruptcy a sum of money as compensation for his services, in addition to the amount which the Act of Congress establishing the system of bankruptcy (Act of 1898, ch. 541) declares shall be the full compensation for such services, is against public policy and void.

*Decided December 20th, 1906.*

Appeal from the Superior Court of Baltimore (STOCK-BRIDGE, J.)

The cause was argued before McSHERRY, C. J., BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*R. E. Lee Marshall* and *C. Baker Clotworthy*, for the apellant.

*Lester L. Stevens* (with whom was *George C. Morrison* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This case is brought here on appeal, from a judgment in favor of the defendant, sustaining a demurrer to the plantiff's declaration.

It is a suit on an agreement under seal to recover extra compensation under a contract for services rendered the appellee by the appellant as trustee in bankruptcy of the estate of W. Morris Orem, the husband of the appellee.

The facts of the case as evidenced by the agreement and as stated in the declaration are these : On the 20th of October, 1899, W. Morris Orem filed a petition in the United States District Court of Maryland, in Bankruptcy, asking for the

benefit of the Acts of Congress relating to bankruptcy, and was by the Court adjudicated a bankrupt.    Subsequently on the 9th of November, 1899, the appellant was duly elected trustee and thereafter accepted and qualified as trustee, and administered the estate.

The appellee was an unsecured creditor of the estate, to the extent of two hundred thousand dollars, and requested the appellant to accept the appointment, under the terms of the contract, set out in the record.

The substance of the agreement is "that Helen E. Orem, in consideration of the acceptance by Christian Devries of the appointment, as trustee of the estate and of the performance by him of the duties of the office, agrees to pay to him, a sum which shall equal the difference between five per cent on the entire proceeds of the sale or sales of the entire assets, including the mortgage portion of the property, whether the mortgaged property be sold by him or another, and the compensation, which in the event of his appointment as trustee, he will receive under the Acts of Congress." In payment of the compensation she pledged the dividend or dividends which she should receive on account of her claims.

The declaration states and the demurrer admits that the trustee fully administered and distributed the bankrupt's estate, under the orders of Court, to wit, the sum of $130,194.70, to the payment of the expenses of the administration of the estate and the claims of the secured creditors, and the sum of $17,543.93 to the unsecured creditors of the bankrupt, in the proportions to which they were entitled.

According to the report of sale, and the accounts ratified by the Court, the trustee was allowed the sum of $325.44-100, at the rate prescribed by the Acts of Congress upon the assets of the estate, for distribution to the unsecured creditors of the bankrupt, and not any further sum.    And this suit is brought on the basis of the agreement set out in the record to recover a sum equal to the difference between five per cent on the entire proceeds of sales of the estate, including the amount of the secured claims and the compensation which the trustee received under the Act of Congress.

The questions for us to determine in the case are, what is the true construction of section 48, of chapter 541, of the Act of 1898, entitled an act to establish a uniform system of bankruptcy, throughout the United States ; and whether the agreement in question, is null and void as being against public policy.

The Act is a long one, consisting of seventy sections, but the section applicable here is as follows :   Trustees shall receive, *as full compensation*, for their services payable after they are rendered, a fee of five dollars deposited with the Clerk at the time the petition is filed in each case, except when a fee is not required from a voluntary bankrupt, and from estates which they have administered, such a commission on sums to be paid as dividends and commissions as may be allowed by the Courts, not to exceed three per centum, on the first five thousand dollars or less, two per centum on the second five thousand dollars or part thereof, and one per centum on such sums in excess of ten thousand dollars.

Under this section, we think, it is clear that the compensation to be allowed trustees, is limited to the charges and commissions, prescribed by the Act.    The language of the Act is plain and unambiguous, for it provides that the compensation to be received by the trustees, as mentioned therein, shall be as full compensation for their services.    And to hold otherwise would allow them to receive a larger compensation than allowed by law, and would defeat the plain and manifest intention of Congress in fixing the commissions.

This identical section of the Act has received a similar construction on appeal to the Federal District Courts.

*In re Epstein*, 109 Federal Reporter, p. 878, decided, June 24th, 1901, it was held that a Court of bankruptcy is without authority to allow compensation to a trustee in excess of that fixed by the Bankruptcy Act 1898, sec. 48A, notwithstanding the fact that such trustee has given his personal time and attention to the business of the estate, and by reason of his business ability has realized from the bankrupt's assets far more than would ordinarily have been obtained.    In that case the

learned Judge who delivered the opinion said, nothing can be found in the Act itself which permits any other compensation to the trustee.    In the absence of a provision in the law granting such authority to the Courts they are powerless to exercise any discretion beyond the maximum fees, given to the trustee by section 48A of the Bankruptcy Act.

*In re George Halbert Company,* 134 Fed. Rep. 236, it is said, the language used in sec. 48 of the Act of 1898, is so precise and so explict, as to preclude the allowance of addition compensation upon any theory.   The object of the Act was to check a practice that had grown under the Act of 1867, that the Act of 1898 was passed.

There are a number of Federal adjudications to the same effect under the various bankrupt Acts, and they all go to the extent of holding that one of the objects of Congress in establishing a uniform system of bankruptcy was to avoid "excessive fees and great expense" in administering the estates of bankrupts.   *In re Caroline Cooperage Co.* 96 Fed. Rep. 950; *In re Barker et al.,* 111 Fed. Rep. 501; *In re Kaiser,* 112 Fed. Rep. 955.

It appears from an examination of the Acts of Congress that the compensation of trustees, assignees and referees in bankruptcy has been fixed and limited by the various bankruptcy laws.

By the Act of 1867, the compensation to be allowed was fixed, and a penalty by way of fine and imprisonment was provided for any person who accepted "any fee, emolument, gratuity, sum of money or anything of value whatever" other than what is allowed by the Act.

The Act of 1898, sec. 48, as we have seen omitted the penalty, but clearly provided that the amount allowed under it was to be "as full compensation" for the services to be rendered.    And the amendment of 1903, chap. 487, sec. 72, expressively provides that neither the referee nor the trustee shall in any form or guise receive, nor shall the Court allow them, any other or further compensation for their services than that expressly authorized and prescribed in the Act.

So it appears from a review of the Acts of Congress on this subject, and from the authorities construing them, that it would manifestly be in violation of the spirit and intent, as well as the plain language of the acts, to allow extra compensation to a trustee for his services in bankruptcy cases.

But independent of the Acts of Congress relating to bankrupt estates, we are of the opinion, that contracts of this character should not be enforced, and are void as against public policy.

In this case the appellee was an unsecured creditor of the estate to an extent of two hundred thousand dollars, and owning more than ninety per cent of the unsecured claims. The unsecured indebtedness amounted to about the sum of $217,000. The dividend she was to receive on account of her claims, was pledged to the appellant for the payment of a commission of five per cent on the entire proceeds of the sales of the assets of the estate. In other words she agreed to pay him for his services as trustee, an additional sum to the compensation he would receive under the bankrupt acts, that would equal a commission of five per cent on the entire sales. And this commission was to be paid on the entire proceeds of sales including the mortgaged property and also the amount to be allowed the secured creditors.

A trustee is an officer of the Court, and is appointed for the purpose of acting for the interest of all the creditors without favor or partiality. And no contract between him and a creditor, should be upheld, which is calculated to improperly influence his action, or which would tend to make it to his interest, to favor one creditor over another.

The principle is well settled, that no man should be allowed to have an interest in conflict with or against his duty. He certainly should not be allowed by his own act voluntarily to create such an interest. *Gaither* v. *Myrick*, 9 Md. 143 ; *Ricketts* v. *Montgomery*, 15 Md., 46.

The authorities sustain the proposition in cases similar to the one at bar, that contracts of this character are illegal and against sound public policy.

In *Cowing* v. *Altman*, 1 N. Y. Sup. Ct. Rep. 494, where the consideration for a check was an allowance or promise agreed to be paid the payee thereof for his services as an assignee in bankruptcy over and above the fees and commissions allowed by law, and in express violation of the U. S. Bankrupt Act, it was held, that the consideration was illegal and the check void.

The cases of *Blasdel* v. *Fowle*, 120 Mass. 447 ; *Thomas* v. *Caulkett*, 57 Mich. 392 ; *Cannell* v. *Smith*, 12 L. R. A. 395 ; *Hatch* v. *Mann*, 15 Wendell (N. Y.) 44 ; *Tappan* v. *Brown*, 9 Wen. (N. Y.) 175, are in point and sustain the contention that such contracts are null and void, as against public policy, and will not be enforced by the Courts.

It follows, for the reasons given, that the judgment of the Court below, will be affirmed.

*Judgment affirmed, with costs.*