### In re B. JACOBSON & SON CO.

#### Appeal of GEORGIA PINE CO.

(Circuit Court of Appeals, Third Circuit. May 8, 1912.)

No. 1,592.

1. BANKRUPTCY (§ 381*)—COMPOSITION—OBJECTIONS.

An objection to a composition offered by a bankrupt corporation, on the ground that it had committed acts which would be a bar to its discharge, based on an alleged omission to schedule certain real estate, was properly overruled, where it appeared that the property was omitted by advice of counsel, because the bankrupt had little, if any, equity therein, and there was no attempt at concealment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 591; Dec. Dig. § 381.*]

2. BANKRUPTCY (§ 381*)—COMPOSITION—OBJECTIONS.

That creditors, holding notes of a bankrupt corporation indorsed by individuals connected with the bankrupt, before accepting a composition obtained an agreement by such indorsers that they should not thereby be discharged, does not invalidate the composition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 591; Dec. Dig. § 381.*]

Appeal from the District Court of the United States for the District of New Jersey.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the B. Jacobson & Son Company, bankrupt. From order confirming composition, the Georgia Pine Company appeals. Affirmed.

Williams, Folsom & Strouse, of New York City, for objecting creditor.

Samuel Koestler, of Elizabeth, N. J., for bankrupt.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

BUFFINGTON, Circuit Judge. In the bankruptcy proceeding of the B. Jacobson & Son Company in the court below a composition was offered after deposit of the requisite funds. To such composition the Georgia Pine Company, a creditor, objected on three grounds: First, that the composition was not for the best interest of creditors; second, that the bankrupt had committed acts which barred a discharge; and, third, that the offer and acceptance were not in good faith and had been procured improperly. On reference thereof to the referee as special master, he heard proofs and reported against the objections. Thereafter the court on hearing sustained his action, and entered a decree overruling the exceptions to his report and confirming the composition. Thereupon the Georgia Pine Company took the present appeal.

After an examination of the proofs, aided by the comprehensive report of the referee, we are satisfied the court below committed no error in confirming this composition.

Referring, first, to the objection that the composition is not for the best interest of creditors, and without entering into a discussion of the details, we may say that it is clear to us why, in view of the many and different kinds of liens against the real estate, the narrow range of the equities therein, and the uncertainty of the outcome of the pending suits for insurance, the composition was approved by 85 per cent. of the creditors. Indeed, we are unable to find in the facts and figures in the proofs, which are so fully discussed by the master, any data from which we could figure a conclusion at variance with that reached by this very large preponderance of the approving creditors.

[1] The second objection concerned the omission to include certain' real estate in the bankrupt's schedules, for which omission, it is alleged, there could have been a conviction for the statutory offense of having concealed, while a bankrupt, from its trustee, property belonging to its estate. The findings of fact by the referee, which we approve, leave no ground on which this objection can be sustained. Clearly there was neither dishonest concealment nor a willful intent to exclude from the schedule assets belonging to the bankrupt estate. The company itself was engaged in selling building material to contractors, and was desirous of carrying on building operations itself. It was thought, however, that if contractors knew the company was engaged in building operations in competition with them they would cease dealing with it. Certain real estate was therefore purchased by the company in the names of different officers, and as buildings were erected the mate-

rials, etc., furnished by the company were charged against such properties. Over and above the liens against them there was little, if any, equity in the company in such properties. The situation was such that, even when called to testify, the officers of the company were uncertain whether the company was the holder of claims against the properties or owners of the properties themselves. Nor was there evidence of concealment or fraudulent intent. At a meeting of creditors held before the bankruptcy proceeding was begun, the fact that the company had had such dealings, and that some real estate was thus held, was disclosed by its officers. When the bankruptcy schedules were prepared, counsel were informed of the situation, and by their advice these properties were not scheduled. In view of the above facts, and in the absence of any fraudulent or criminal intent in that regard, and in the alleged omission of other assets which the referee fully and satisfactorily discussed in his report, we are not justified in holding that the bankrupt, or its officers, had committed an offense punishable by imprisonment as provided by the bankrupt law.

[2] As to the third objection, it suffices to say that certain notes of the bankrupt were indorsed by the three Jacobsons, who were connected with the company. The holders of these notes, before accepting the composition offered by the bankrupt, and in order to continue to hold the indorsers upon its paper, received from such indorsers a writing requesting them to accept the composition and agreeing that such acceptance should not serve to discharge them. Concerning this paper the referee properly held:

"This is not giving to such creditors any more than they had before the request to sign the composition agreement, nor is it agreeing to pay them any more than it was agreed to pay the other creditors."

Finding, as we do, no error in the decree below, it is affirmed.