JULIUS SINGER *vs.* JOSEPH DONDIS.

Knox.      Opinion, April 10, 1935.

*Bernstein & Bernstein,* for plaintiff.
*Ensign Otis,*
*Frank A. Tirrell,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

HUDSON, J.   Action of assumpsit by an endorsee against an accommodation endorser of a promissory note. The Justice who

by agreement heard the case, without intervention of a jury, found for the plaintiff, to which the defendant excepted.

The facts are uncontraverted. In the Summer of 1933, one Rubenstein, a clothing dealer in Rockland, became an involuntary bankrupt, the plaintiff, a wholesale merchant in Boston, being one of his creditors. A composition for twenty per cent was obtained. At first the plaintiff flatly refused to join but did finally, on the condition that he receive, in addition to the twenty per cent to be paid all other creditors, a note with "a good endorser" for the balance of his debt.

This action is on the note thus given,—dated September 1, 1933, —for $552.00, signed by Rubenstein, endorsed by the defendant for his accommodation, payable on time to the plaintiff's attorney, Rudman, who, with knowledge of all of the facts, took it for the benefit of his client, and endorsing it without recourse, delivered it to him. The giving of the note was unknown to other creditors of the bankrupt.

The defendant pleaded the general issue with brief statement, therein setting up fraud, misrepresentation, duress, and failure of consideration.

The question is whether on said facts the judgment for the plaintiff is valid in law.

"The general principle has been long settled in England and in this country, that a secret agreement, which induces a creditor to agree to a composition by the promise of a preference, or of some undue advantage, over the other creditors, is utterly repugnant to the composition agreement, and, from its fraudulent nature, is void and will be set aside by the suit of any of the parties. . . .Hence it is that a note or other security given by a debtor for the purpose of inducing a creditor to consent to a composition, or any security taken for an amount beyond the composition agreed on, or even for that sum, better than that which is common to all, if unknown to the other creditors, is void and inoperative; except, however, that such a note may not necessarily be void in the hands of subsequent and bona fide holders before maturity; and it is said that a failure to disclose a secret advantage amounts to a fraudulent

misrepresentation of the state of fact on the basis of which the contract is entered into." 5 R. C. L., Sec. 5, pages 871, 872.

A great many authorities might be cited to sustain the above declaration of the law, so well settled in both the Federal and State Courts, although until now we seem not to have had a Maine decision to this effect. See *Bean* v. *Amsinck, et al.*, 10 Blatchf., 361, Fed. Cas. Vol. 2, Case No. 1167; *Bean* v. *Brookmire, et al.*, 2 Dill., 108, Fed. Cas. Vol. 2, Case No. 1170. In the latter case, on page 1134, the Court said:

"The rules of law respecting the good faith to be observed by all who unite in a composition agreement are well known and well settled, and rest upon the soundest policy and upon the clearest principles of equity, commercial morality, and fair dealing. The temptation to obtain undue or secret advantages is so great, that the necessity for the severe rules which have been declared by the courts to repress it, is undeniable. All must be open and fair. If a creditor, appealed to by his debtor, makes it a condition of his uniting in a composition, that he shall have any advantage not enjoyed or made known to the others, the transaction can not stand either at law or in equity. . . . It is treated as oppression or duress toward the debtor, and he may defend against any promise to pay made under such circumstances; or, if he has actually paid, he may recover back the amount, as the law does not consider the parties as being in pari delicto, nor regard the payments thus made as voluntary, and allow such recovery on grounds of public policy. *Breck* v. *Cole*, 4 Sandf. 79."

See also *In re B. Jacobson & Son Co.*, 196 Fed., 949; *In re M. & H. Gordan*, 245 Fed., 905; *Collier on Bankruptcy*, 13th Ed., Vol. 1, Par. 4, Page 453; *Nole* v. *Abate*, 44 Am. Bank. Rep. 608; *White* v. *Kuntz, et al.*, 14 N. E., 423; *Citizens National Bank* v. *Kerney* (Ind.), 108 N. E., 139; 7 C. J., Par. C, Pages 341, 342; 3 R. C. L., Sec. 130, Page 307; Footnote in 27 L. R. A. An., beginning on page 36; *Blasdel* v. *Fowle, et al.*, 120 Mass., 447; *Phelps* v. *Thomas*, 6 Gray, 327; *Case* v. *Gerrish*, 15 Pick., 49; *Coates* v. *Black*, 1 Cush., 564; *Partridge* v. *Messer*, 14 Gray, 180; *Dexter* v.

*Snow*, 12 Cush., 594; *Downs* v. *Lewis, et al.*, 11 Cush., 76; *Ramsdell, Exr.* v. *Edgarton, et als.*, 8 Met., 227; *Tirrell* v. *Freeman, et al.*, 139 Mass., 297, 1 N. E., 350.

An examination of the above authorities discloses that the fundamental ground on which the decisions rest is that such a contract is void because against public policy.

The fact that the financial advantage to the creditor comes not from the bankrupt's estate but from a third party, either by payment or by agreement to pay, (as herein by endorsement of a note) makes no difference. It is still illegal and void. 5 R. C. L., pages 872, 873, and cases cited in footnotes 15 and 16.

In *Blasdel* v. *Fowle, et al.*, supra, the note for the additional amount was signed by the bankrupt's wife and her separate property was given as security. The Court said:

"Nor is it material whether the wife knew of the fraudulent agreement when she made the note and mortgage; for the agreement being illegal and void, all instruments made for the purpose of giving it effect are tainted with the illegality, and will not be enforced by a court of equity."

While we find no Maine decision that such a contract with relation to a composition is void, yet *Marble* v. *Grant*, 73 Me., 423, is analogous in principle. In that case, it appeared that the note was given in pursuance of an agreement not to oppose an application for a discharge in bankruptcy then pending. The Court held that a contract "thus procured" was "against sound public policy," "void at common law, as well as by the Bankrupt Act."

Whether a subsequent purchaser for value before maturity and without notice may recover on such a note is not herein decided, for in this case the plaintiff had notice. Moreover, he conceived the scheme and had the note made for his secret advantage over the other creditors—all of whom had the legal right to share alike in the composition. Each owed to the other the exercise of good faith. In this the plaintiff failed. Such conduct does not receive the sanction of this Court and should be condemned.

*Exceptions sustained.*