————o————

HORACE B. CLAFLIN, *et al.*, Appellants, *vs.* JOHN D. TORLINA, *et al.*, Respondents.

1. *Nat. bankr. law—Composition, what invalid.—Semble,* that an agreement, by which one creditor obtains seventy-five per cent. of his own claim, and agrees only to secure to other creditors 30 per cent. would be a violation of the national bankrupt law and would not be enforced here, any more than in the courts having special jurisdiction in bankrupt cases.

*Appeal from St. Louis Circuit Court.*

*Krum & Patrick*, for Appellants.

*Henry N. Hart*, for Respondents.

NAPTON, Judge, delivered the opinion of the court.

This was a suit upon a note of Hafkemeyer, indorsed by Torlina, Endres & Co. The first answer set up the defense so far as Torlina, Endres & Co., were concerned, (the suit having been dismissed as to Hafkemeyer,) that the indorse-

ment of said note was made upon a consideration that had totally failed ; that the plaintiffs had instituted proceedings in the district court of the United States against Hafkemeyer, to have him declared a bankrupt, and that this note was indorsed by the defendants, Torlina, Endres & Co., upon condition that said suit would be dismissed by the plaintiffs, and that they would procure the creditors of Hafkemeyer in New York, Pennsylvania, New Jersey and Massachusetts to compound their claims against Hafkemeyer at 30 cents on the dollar ; that this was the sole consideration of their indorse ment—and that the consideration failed—that the plaintiffs did not dismiss their suit, and did not procure the composition which they promised.

This answer was stricken out on motion of the plaintiffs. There were other answers filed, which met the same fate. Finally the answer was, that the notes sued on by plaintiffs were made by Hafkemeyer, and indorsed by Torlina, Endres & Co., in violation of the bankrupt act—that there was a proceeding pending against Hafkemeyer, instituted by plaintiffs, to have him declared a bankrupt, and that, during the pendency of said proceeding in the United States District Court, these notes were given and indorsed upon the condition and consideration, that plaintiffs would not oppose Hafkemeyer's discharge, and would get the creditors elsewhere to agree to a composition at 30 per cent.

To this plea there was a replication, and the parties went to trial on that issue ; but the court refused to hear any evidence, on the ground that the plea was no defense, and of course the plaintiffs got a verdict. In the motion for a new trial an affidavit was filed, stating more specifically the facts relied on as a defense than was stated in either plea.

These facts are that on the 25th of February, 1870, there was filed by plaintiffs a petition in the United States District Court, against Hafkemeyer, alleging the commisssion of various acts of bankruptcy on his part ; that Hafkemeyer denied these allegations ; that the plaintiffs threatened to institute criminal proceedings against Hafkemeyer for embezzle-

ment; that the defendants were large creditors of Hafkemeyer, and the plaintiffs proposed to them, if they would indorse the notes sued on (which covered about 75 per cent. of their claim) they would drop the prosecution and make no further opposition to Hafkemeyer's discharge, and that they would, without delay, procure a composition with all of Hafkemeyer's creditors at 30 cents on the dollar; that thereupon the plaintiffs executed a full discharge of Hafkemeyer, and that afterwards they failed to effect any compromise and never dismissed the proceedings in bankruptcy, but that Hafkemeyer was subsequently declared a bankrupt, and one Green appointed as his assignee, and he was ordered to sell all the goods of Hafkemeyer at auction—and that he did sell them at a great sacrifice.

The answers in this case seem defective, and the ground of defense seems not to have been fully determined by the pleader. The facts stated in the affidavit clearly constituted a defense—for if the contract was in violation of the bankrupt law, the notes were void—and if it was not, as is now insisted by plaintiffs, then it was not performed and the notes then were without consideration.

We should incline to think that an arrangement of this kind, by which plaintiffs secure 75 per cent. of their claim, agreeing only to secure to other creditors 30 per cent., would be a violation of the bankrupt act, and would not be enforced here, any more than it would be in the courts having special jurisdiction in bankrupt cases.

However this may be, we concur in the judgment of the General Term, who ordered a new trial. The merits of the case do not appear. The judgment of the General Term is therefore affirmed. The other judges concur.