## LOUTHAN v. STILLWELL, *Appellant.*

1.  **Specific Performance**: EVIDENCE. The evidence in a suit for specific performance of a contract failed to show that defendant was a party to the contract, and also failed to show precisely what were the terms agreed upon. *Held*, that the plaintiff was not entitled to a decree.

2.  **Bankrupt Law.** The State courts will not enforce an executory contract in violation of the bankrupt law.

*Appeal from Hannibal Court of Common Pleas.*—HON. J. T. REDD, Judge.

REVERSED.

This was an action brought by Louthan and others, general creditors of one Bush, against Stillwell, a judgment creditor, to enjoin the enforcement of Stillwell's judgment by execution, and to compel him to accept, in satisfaction of it, certain notes of Bush. It appears that in October, 1873, Stillwell having sued Bush, who was in

embarrassed circumstances, a meeting of Bush's creditors was called to consider whether an amicable adjustment of his financial difficulties could not be reached. This meeting was held on the 24th day of October. Stillwell and the plaintiffs, being all the principal creditors, were present. Several of the smaller creditors were not present. On the 30th day of October, Stillwell obtained a judgment by default in his suit, and shortly thereafter caused execution to be issued. This suit was then instituted, the plaintiffs alleging that at the meeting of October 24th it was agreed, as the result of said meeting, mutually between the creditors present, and with Bush, that Bush should execute and the said creditors should, each and every one of them, accept, in full satisfaction and discharge of their debts, notes due in one, two, three and four years, with a deed of trust on all of Bush's lands to secure their payment, and that Stillwell should dismiss his suit; and that the obtaining of said judgment was in fraud of this agreement. The petition prayed that defendant be compelled to make specific performance of the agreement, by accepting such notes as were therein provided, in satisfaction of his judgment. The answer denied that defendant had entered into any such agreement, and by way of special defense, charged that such an agreement, if made, could not have been enforced, because contrary to public policy and against the law of the land, because Bush was a bankrupt, and the agreement was intended to give a preference to plaintiffs, who were only a part of his creditors; and that Bush, by executing the deed of trust and notes tendered in the petition, did commit an act of bankruptcy, for which he was thereafter adjudged a bankrupt by competent authority. The reply denied that the agreement was intended for the benefit of a part only of the creditors. Both parties gave evidence in support of their claims. The judgment was for plaintiffs and defendant appealed.

*Geo. A. Mahan* for appellant.

1.   A contract, where specific enforcement is sought, should be certain, mutual and capable of being performed. Story's Eq. Jur., (10 Ed.) §§ 723, 736, 751; Fry Spec. Per., 133.   And the certainty requisite in a contract which is the subject of adjudication in a court of equity is necessarily greater than in a suit at law.   In a court of equity it is indispensably requisite that the contract should possess terms of such reasonable certainty as to enable the court to determine its specific performance.   *Mastin v. Halley*, 61 Mo. 196.   A verbal agreement should be established beyond reasonable doubt.   Nothing should be left to conjecture and little to probability.   *Stevenson v. Adams*, 50 Mo. 475.   The testimony does not justify a conclusion that the alleged contract was agreed to by the parties.   There was a conflict in the understanding of the parties alleged to be contracting; and a court of equity will not enforce its specific performance.   *Bowman v. Cunningham*, 78 Ill. 48; *Wiley v. Robert*, 31 Mo. 212; *Taylor v. Williams*, 45 Mo. 80. The evidence of such a contract must be clear, unequivocal and not merely preponderating.   *Underwood v. Underwood*, 48 Mo. 527; *Johnson v. Quarles*, 46 Mo. 423.   It must be a contract capable of being performed.   *Bowman v. Cunningham*, 78 Ill. 48.   The alleged contract could not have been enforced against Bush, as no power, not even a court, could compel his wife to release her right of dower.   *Young v. Paul*, 10 N. J. Eq. (2 Stock.) 418.

2.   By plaintiffs' own showing, the transaction worked a fraud upon the bankrupt act.   A court of equity, for this reason, cannot approve it.   *Blasdel v. Fowle*, 2 Law & Eq. Rep. 68; *Downing v. Ringer*, 7 Mo. 585; *Kitchen v. Greenabaum*, 61 Mo. 110; *Wooton v. Hinkle*, 20 Mo. 290; *Coppell v. Hall*, 7 Wall. 558; *Seidenbender v. Charles*, 4 Serg. & R. 160; *Maybin v. Coulon*, 4 Dal. 298; *Sumner v. Summers*, 54 Mo. 340; *Hook v. Turner*, 22 Mo. 333; *Peltz v. Long*, 40 Mo. 532.

*Chas. A. Winslow* also for appellant.

1. The evidence fails to prove that an agreement of the character relied on was concluded at the meeting of October 24th, 1873, and assented to by all the creditors present, or by those mentioned in the petition and deed of trust.

2. While the fair preponderance of the evidence establishes the negative proposition, that no agreement of any kind was consummated at the meeting, the exigences of this case do not demand any such showing. The burden is upon the plaintiffs to clearly make out the agreement they would have enforced, and that all its terms and conditions have been complied with. If their evidence fails to show with certainty that an agreement was made, or what the agreement was, or the whole evidence shows that it was made upon conditions which were not complied with on the part of plaintiffs, or that its terms were uncertain, ambiguous and are not made out by satisfactory proof, there can be no specific performance. *Mastin v. Halley*, 61 Mo. 196; *Paris v. Haley,* 61 Mo. 453; *Sitton v. Shipp*, 65 Mo. 297; *Huff v. Shepard,* 58 Mo. 242; *Foster v. Kimmons,* 54 Mo. 488; *Underwood v. Underwood*, 48 Mo. 527; *Taylor v. Williams*, 45 Mo. 80. The evidence does not meet the requirements of this rule.

3. The conditions upon which the agreement was based, if there was an agreement, were not complied with. The evidence does not prove any such agreement as is stated in the petition, or sought to be carried out in the deed of trust. All the property is not included in the deed of trust. All the creditors of Bush are not embraced in the arrangement, but only a part of them are provided for or recognized.

4. The alleged agreement would have been a fraud upon the bankrupt act, and could not, therefore, be enforced. *Nerot v. Wallace*, 3 T. R. 17; *Dexter v. Snow*, 12 Cush. 594.

*W. M. Boulware* for respondents.

1. The evidence shows beyond controversy that the agreement was made as alleged in the petition. Being an agreement between a number of creditors and their debtor, each contracting with all the others, for an extension of time, there is a sufficient consideration to make it binding and enforceable against all parties. *Good v. Cheesman*, 2 B. & Ad. 328; *Renard v. Tuller*, 4 Bosw. (N. Y.) 107; *Hall v. Merrill*, 5 Bosw. (N. Y.) 266; *Pierce v. Jones*, 8 S. C. 273; *s. c.*, 28 Am. Rep. 289; *Cutter v. Reynolds*, 8 B. Mon. 596. The fact that the object of the suit is to compel the defendant to accept personal property is no objection. Story Eq., 1, § 717 a, and § 718; § 722 a, and § 728; *Corbin v. Tracy*, 34 Conn. 325; *Express Co. v. R. R. Co.*, 99 U. S. 200; *Bank v. Seton*, 1 Peters 299; *Barr v. Lapsley*, 1 Wheat. 151; *Hibbard v. Eastman*, 47 N. H. 510; *Phillips v. Berger*, 2 Barb. 608; *s. c.*, 8 Barb. 527; *Wright v. Bell*, 5 Price (Exch.) 331; *Savery v. Spence*, 13 Ala. 561; *Adderley v. Dixon*, 1 Sim. & Stu. 608; *Buxton v. Lister*, 3 Atk. 383; *Sullivan v. Tuck*, 1 Md. Ch. 59; *Furman v. Clark*, 11 N. J. Eq. 310; *Cutting v. Dana*, 25 N. J. Eq. 265.

2. The agreement and deed are not invalidated by the bankrupt law. *Stanley v. Sutherland*, 54 Ind. 339; *s. c.*, 16 Am. Law Reg. (N. S.) 306; *Bromley v. Goodrich*, 40 Wis. 131; *s. c.*, 22 Am. Rep. 685; *Markson v. Haney*, 47 Ind. 31; *Brigham v. Claflin*, 31 Wis. 607; *Voorhies v. Frisbie*, 25 Mich. 476; *s. c.*, 12 Am. Law Reg. 108; *Cook v. Rogers*, 31 Mich. 391; *s. c.*, 14 Am. Law Reg. (N. S.) 633; *Deford v. Hewlett*, 49 Md. 51; *Gilbert v. Priest*, 65 Barb. 444; *Beck v. Parker*, 65 Pa. St. 262; *s. c.*, 3 Am. Rep. 625; *Maltbie v. Hotchkiss*, 38 Conn. 80; *s. c.*, 9 Am. Rep. 364; *Reed v. Taylor*, 32 Iowa 209; *s. c.*, 7 Am. Rep. 180; *Gelston v. Hoyt*, 3 Wheat. 246; *Cragin v. Thompson*, 2 Dill. 515; *Seaman v. Stoughton*, 3 Barb. Ch. 344; *Dodge v. Sheldon*, 6 Hill 9.

HENRY, J.—The testimony both with regard to the consummation of the agreement and its terms is conflict-

1. SPECIFIC PER-
FORMANCE: evi-
dence.

ing. John Nichols, one of the creditors who attended the meeting of creditors, at which it is alleged the agreement was entered into, testified that Louthan's proposition was to give Bush one, two, three and four years, on his executing a deed of trust to secure this indebtedness, on all his property, and that Bush proposed to get his wife's relinquishment of dower in his lands. Other witnesses mention only the land, but do not say that other property was not also to be embraced in the deed of trust; but, without detailing the evidence, it is sufficient to say that it is impossible from the testimony to ascertain what precise property was to be conveyed. The meeting of creditors was on the 24th day of October, and the next day Stillwell wrote to Louthan, who was selected by the creditors to effect the proposed arrangement between them and Bush, stating the amount of his debt against Bush, and in that letter said: "Let me repeat: The consent of all the creditors (save and except Mr. Smith, the judgment creditor, whom Mr. Bush must satisfy) is vital to the success of the undertaking;" and again: "The property should be free, with dower released, and all included in deed of trust." This letter contains in substance the agreement as understood by several of plaintiffs' witnesses and as testified to by Stillwell himself. If not, it fully notified Louthan and the other creditors that it was Stillwell's understanding of the proposed arrangement, and was given the day after the creditors' meeting, and they had still time to abandon the scheme and make such other terms with Bush as they and he might deem proper. If all the creditors were to be made beneficiaries in the deed of trust, then, of course, Stillwell cannot be compelled to accept and complete an agreement by which only a portion of them was provided for. Or, if all the property of Bush, real and personal, was to be included in the deed of trust,

32 –73

and personal property of the value of $5,000 or $6,000 was omitted, he was not bound to waive the advantage he had secured by his suit against Bush, and accept the provisions made for him in the deed of trust.

That the alleged agreement was violated on the part of Bush, is shown by Louthan's letter to Stillwell & Easton of date November 25th, 1873, in which he says: "Mr. Nichols called on you yesterday with the proposition that Mrs. Bush, with her husband, would sign the deed of trust as agreed upon by *all his creditors*, by them paying her $2,000 at the termination of four years if the property had to be sold, each signing an agreement to pay *pro rata* according to the amount of claim, which I am satisfied is the best that can be done. *If this meets your approbation*, meet here next Monday." I have italicised those portions of the foregoing extract which bear particularly upon the question under consideration. If the proposition made by Mrs. Bush mentioned in this letter was already embraced in the agreement made on the 24th day of October, it had already on plaintiff's theory, met Stillwell's approbation, but not only this letter but all the evidence shows that it was no part of the alleged agreement that Mrs. Bush was to be paid by the creditors $2,000 for her dower. This letter further shows that it was Louthan's understanding of the agreement that all the creditors were to become parties to it. " If the contract be not actually concluded and certain in all its parts, as, if the matter still rests to any extent in treaty, or is uncertain or undefined in any particular, a court of equity will not interfere by way of specific performance." Story Eq., 1 vol., § 736. And if the party seeking a specific performance has disregarded the reciprocal obligations on his part, equity will not interfere at his instance. Ib. But that no agreement was concluded by the creditors and Bush at their meeting on the 24th day of October, and that Root, who testified that there was, and Nichols and Louthan, did not so understand it, is shown by the fact that in November, after the agreement is alleged

to have been made, Root sued Bush by attachment in the Marion circuit court on the acceptances, which, by the alleged agreement, were to be delivered up to Bush, and Bush's notes at one, two, three and four years to be executed to him in their stead, and on the attachment bond executed in that case Louthan and Nichols were among Root's securities. It follows that a specific performance cannot be enforced against Stillwell, because the terms of the agreement are not clearly established, even if the evidence were sufficient to show that Stillwell and the other creditors, at their meeting, made and concluded any contract. It cannot be ascertained from the evidence what property was to be conveyed by Bush, nor is it any more satisfactory with respect to the creditors who were to be beneficiaries in the deed. But a still more satisfactory reason is that it fails to show that any final agreement was ever made between Bush and his creditors, or any of them, to which Stillwell was a party.

If, however, it was clearly established that the agreement as alleged was made, and that Stillwell was a party 2. BANKRUPT LAW. to it, there is an insurmountable obstacle in the way to the relief sought by plaintiff. By the alleged agreement, the parties stipulated for the performance of an act by Bush and themselves violative of the bankrupt law. He was in fact, as the evidence shows, on the 28th day of March, 1874, for the very act of executing the deed of trust in question, adjudged a bankrupt by the district court of the United States for the eastern district of Missouri, on the petition of Jas. B. Dudley and John S. Bush, two of his creditors, not parties to the said deed of trust. Appellant's counsel contends that the State courts have no jurisdiction to enforce this act of congress. The State courts cannot administer the bankrupt law or enforce its penalties. The enforcement and administration of that law has been confided to the Federal courts, but it is an act of the congress of the United States made "in pursuance of the constitution of the United States," and "is the

supreme law of the land," "and the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding." The defendant is not asking the court to administer the bankrupt law or to enforce its penalties, but the plaintiffs are demanding a decree compelling him to violate the provisions of that act by executing an agreement which it inhibits. When a contract is made and executed in violation of law, equity will give no aid to any party to the agreement, but leave them where by their own misconduct they have placed themselves; nor if executory will it compel a specific performance, for with no propriety could a court, organized to administer the law, give its aid to one seeking the enforcement of a contract condemned by the law. *Claflin v. Torlina*, 56 Mo. 369; *Austin v. Markham*, 44 Ga. 161; *Blasdel v. Fowle*, 120 Mass. 447. The judgment is reversed, and the bill dismissed. All concur—NORTON, J., in the result.