WILLIAM F. ATKINSON v PAUL WEIDNER ET AL.

[See 79 Mich. 575.]

*Bills and notes—Married woman—Discontinuance.*

1. A discontinuance as to a married woman, who was one of four payors in a *joint* promissory note, in a suit on the note, will not prevent the rendition of a valid judgment against the remaining defendants.
2. The remaining questions in this case are ruled by the former opinion, reported in 79 Mich. 575.

Error to Wayne. (Hosmer, J.) Argued October 17, 1890. Decided December 5, 1890.

*Assumpsit.* Defendants bring error. Affirmed. The facts are stated in the opinion, and in the former report of the case.

*William Look* and *H. F. Chipman (Edwin F. Conely,* of counsel), for appellants.

*Charles M. Swift (Otto Kirchner,* of counsel), for plaintiff.

CHAMPLIN, C. J.    This case was before this Court at the January term, 1890, and is reported in 79 Mich. 575. We refer for a statement of facts to the opinion in that case.

In the opinion then handed down, it was stated that the defendants' claims on the trial were—

"1. That the defendants did not understand that the paper signed by them was a promissory note.

"2. That there was a contemporaneous parol agreement that the note should not be payable according to its terms.

"3. That there was a trust created; and, in view of such trust, which will be outlined hereafter, defendants' liability upon this note can only be ascertained and fixed in a court of equity by an accounting.

"4. That, if Atkinson can collect this note at all, he can do so only for the purposes of this trust, in discharge of which the defendants ought to receive part of the proceeds of the note; and, if such note has been assigned by Atkinson to Booss & Co., it will not be used for trust purposes, and therefore defendants ought not to be compelled to pay it."

After the judgment was reversed by us, and the case sent back for a new trial, the defendants amended their notice to the plea of the general issue, in which they set up, as a further defense, that Atkinson, by his fraud, negligence, mismanagement, lack of capacity, and other misconduct in the direction and carrying on of defendants' business while acting as their attorney, had caused the loss and failure of the consideration of the note sued upon, as well as the total loss of the original claims against said Heine. Defendants urge here another defense,—that Atkinson has in his hands sufficient property and money from the Heine estate to pay the note in question, and he should pay the same out of the money in his hands before calling upon the defendants to respond, the trust being good as between the parties. At the close of the testimony, the court took the facts from the jury, and directed a verdict for the plaintiff for the amount of the note sued upon, and interest.

The testimony introduced in evidence in this suit is substantially the same as that introduced upon the first trial of the case, and which we considered in deciding it when the case was here before. The last additional defense set up to the claim by the defendants was passed upon and settled by us at that time. The other additional defense—that Atkinson by his fraud, negligence, etc., while acting as attorney for defendants, had

caused the loss and failure of the consideration of the note sued upon—is not substantiated by the testimony. On the trial, the testimony disclosed the fact, and as to which there is no contradiction, that the consideration of the note sued upon consisted of goods sold and delivered to defendants equal in value to the full amount of the note given; and, for reasons set forth in the former opinion of this Court, such defense cannot be made available against the note in suit, whatever may be the rights of the parties in a court of equity to compel an accounting and an enforcement of the trust.

The counsel for the defendants requested the court to charge the jury that Mrs. Hoffman, being a married woman, could not be held liable upon the note. The court so held, and the plaintiff discontinued as to her. The counsel for defendants now contend that no judgment can be rendered against the remaining defendants, as the obligation was joint as to all of the parties to the note. But this does not follow. She was discharged because she was not bound by the promise, and therefore the obligation was the joint obligation of those who were qualified to enter into it, and they alone are bound by it.

The relation of these parties to the note in suit is peculiar. As pointed out in our former opinion, the judgment in the United States court bound the goods in the plaintiff's hands as garnishee, and the note stands in place of the goods in his hands; and, under the circumstances of this case, the plea of recoupment should not be allowed.

The judgment must be affirmed.

CAHILL and LONG, JJ., concurred. MORSE and GRANT, JJ., did not sit.