BANK OF CORNING, RESPONDENT, v. CONSOLIDATED SCHOOL DISTRICT No. 6 OF ATCHISON COUNTY ET AL., APPELLANTS.—54 S. W. (2d) 486.

Kansas City Court of Appeals. November 21, 1932.

524

*Culver, Phillip & Voorhees* for respondent.

*James F. Gore* and *Henry B. Hunt* for appellants.

TRIMBLE, P. J.—This case is here on appeal for the second time. The first is reported in 37 S. W. (2d) 982. There the question was whether the petition stated a cause of action. The holding was that it did, and the case was remanded for a trial on the merits. This has been had, resulting in a judgment for plaintiff in the sum of $6,200 against the twenty-two defendants remaining after a dismissal as to the Consolidated District and seven individual defendants originally sued but who seem to have since died. The remaining individual defendants have appealed.

The suit is not on a note, but on a written contract to sign and deliver a note for $4,000, on the strength of which contract the plaintiff advanced the sum of $4,000 to the school district, but said contract was broken by defendants' refusal to sign and deliver said note or "*any note*," whereupon plaintiff sued to recover the money it had advanced and interest thereon at six per cent from May 17, 1923, the date the $4,000 was furnished.

While the contract in question is set forth verbatim in the former opinion at page 983 of the 37th S. W. (2d), yet for the purposes of clarity and convenience, the contents thereof, less the signatures, are again set forth. The agreement is as follows:—

"Know All Men By These Presents:

"That whereas, the Board of Directors of Consolidated School District No. 6, Nishnabotna, Missouri, contemplate the erection and equipment of a modern school building to be located in said school district, suitable and adequate to the needs of the patrons of said school district;

"And whereas, the amount of bonds voted by said district is inadequate to construct and equip said building.

"We hereby bind ourselves in conjunction with a majority of the board of directors, and authorize said board of directors or their successors to borrow for the use and benefit of said school district, a sum of money not to exceed four thousand dollars ($4000.00); we hereby agreeing and binding ourselves to sign said note or notes with said board of directors for said sum of money, or any renewal of said indebtedness in whole or in part, agreeing that this agreement shall stand until such a time when the sum so borrowed can be paid off either by regular tax levy in the usual and customary way or by the issuance of additional bonds by said school district;

"It being further mutually agreed that this obligation shall not be

binding until a majority of the board of directors, comprising six men who are taxpayers and residents of the district and sixteen or more other men who are taxpayers and residents of said district have signed same, making twenty signatures or more by men who are taxpayers and residents of said school district on said obligation.

"Witness our hands and seals at Nishnabotna, Missouri, this sixteenth day of May, 1923."

Paraphrasing the amended petition on which the case was tried, (except where shown in quotation marks), it sets forth—

That prior to the date of the contract or agreement in question, the qualified voters of Consolidated School District No. 6 had voted and issued bonds for the erection and furnishing of a school building, but the amount so voted was insufficient, and the further sum of $4,000 was found to be needed to complete erection and equipment thereof, and the *defendants*, resident taxpayers in and patrons of said district, "being desirous of *borrowing* that sum for that purpose, and for the purpose of *inducing plaintiff to loan said sum* for the use and benefit of said district," said defendant patrons executed the instrument in question, dated May 16, 1923, reciting that whereas the Board of Directors contemplate the erection and equipment of said building, but the amount of bonds voted is inadequate therefor and it was found that $4,000 more would be needed to complete the construction and equipment of the same "said defendants executed the writing hereinabove set out, and said agreement was delivered to plaintiff, and a loan of $4,000 was requested of it for the use and benefit of said district, and it was stated and represented to plaintiff that a note for said amount would be signed and delivered to plaintiff by said defendants who executed said agreement. And, relying upon said agreement and in consideration thereof, and of the execution and delivery of the same, "plaintiff was thereby *induced to, and did,* on May 17, 1923, *loan to defendants,* and paid to said directors said sum of $4,000 for the use and benefit of said school district, which sum was used by said directors in the erection and equipment of said school building; and upon the delivery of said money to said directors, plaintiff demanded of defendants the execution and delivery of a note for said sum, but defendants failed and refused, and still fail and refuse, to sign and deliver said note to plaintiff; that plaintiff has demanded said $4,000 so borrowed, but no part thereof has ever been paid, wherefore judgment is prayed as hereinbefore stated.

The defendants' amended and joint answer was first a general denial, and then an assertion that the said agreement was null and void, being violative of Section 12, Article 10 and Section 48 of Article 4 of the Constitution in that it seeks to bind said school district to become indebted to an amount exceeding the income and revenue provided by it for the year 1923 without the assent of two-thirds of the

voters of said school district, and without providing for the collection of an annual tax sufficient to pay the interest on said indebtedness as it fell due and a sinking fund, and hence is not binding on defendants, and is also void for the reason that the alleged contract seeks to authorize the payment of a pretended claim to be created against the school district, the contract for which was not made by authority of law. Also that said alleged contract is violative of sections 2164 and 2165, Revised Statutes of Missouri, 1919 (now sections 2962 and 2963, Revised Statutes of Missouri 1929), in that said alleged contract is not within the scope of the powers of said district, not being expressly authorized by law and not made by said district in its corporate capacity, upon a consideration wholly to be performed or executed subsequent to the making of the same, nor was it, including the consideration, reduced to writing, etc., as required by said sections, and was in further violation of said sections in that plaintiff was to be reimbursed through the medium of a specific fund, i. e., a regular tax levy or the issuance of bonds which violates said sections and also the provisions of the Constitution hereinbefore specified.

Lastly, the answer charged that said contract is not complete in itself, is not reasonably definite and certain in its terms, provides no certain time for the repayment of the money, and the method of repayment cannot be enforced, and is therefore impossible of performance.

The reply was a general denial.

At the trial a jury was waived and the cause was submitted upon an agreed statement of facts, embodying the following:

1. That plaintiff was and is a banking corporation in the banking business at Corning, Holt County, Missouri, and Consolidated School District No. 6 is a consolidated school district organized under the laws of Missouri, and located in Atchison County, Missouri.

2. That defendants are, and "were at the time said writing was signed and delivered to the plaintiff and plaintiff accepted the same and made the loan hereinafter mentioned, resident taxpayers of said district and patrons of said consolidated school district."

3. "That certain named defendants were, at the time said writing was signed by them, four of the six members of the Board of Directors of said Consolidated School District."

4. "That prior to the 16th day of May, 1923, the resident voters of said Consolidated School District had voted and issued $13,500 worth of bonds to build and equip a modern school building to be located in said district; that the amount of said bonds was found to be insufficient to erect and equip said building and that the further sum of $4,000 was needed to complete the erection and equipment of the same, and the individual defendants herein "were desirous of borrowing said sum for the use and benefit of said school district

to be used by its board of directors in completing the construction and equipment of said building.''

5. ''That *for the purpose of 'inducing the plaintiff to loan said sum of money* for the use and benefit of said school district, the individual defendants herein made, executed and delivered to plaintiff the following writing, to-wit:' (Here follows the agreement hereinbefore set out.)''

6. ''That 'the plaintiff accepted the said written instrument, and *because of the making and delivery of it to the plaintiff, it made the loan of $4,000* for the purposes aforesaid, and said sum was used by said board of directors for said purposes.' ''

7. ''That the writing hereinabove set out, was executed and delivered to the plaintiff signed by each and all of the persons whose names appear as signatory thereto,'' (except one as to whom the plaintiff dismissed the suit.)

8. ''The defendants herein, being patrons of said school district, were interested in the completion of said school building.''

9. ''The plaintiff demanded of the individual signers of the said written instrument that the note for said sum of $4,000 mentioned in said instrument be executed and delivered to it, but each and all of the defendants refused to execute the note or any note, and no note has ever been executed to the plaintiff and no portion of said sum of $4,000 has ever been repaid to it.''

10. ''Plaintiff then demanded of defendants the payment of the sum of $4,000 and each and all refused to pay same or any part thereof.''

11. ''At the time said written instrument was executed and delivered to plaintiff and said sum was loaned by it and drawn and paid out by said board for the completion of said building, the total indebtedness of said district for said year 1923, was $13,500 in bonds voted in accordance with law and payable $1,000 per year. And the assessed value of the property taxable for the revenue of the district was $1,147,276.60.''

12. ''That said school district then and now maintained a high school, and by reason thereof, the maximum rate of levy was, and is, 65¢ on the $100 assessed valuation of the property within said district.''

13. ''That in the year 1923 said district did not call an election, or hold an election for the purpose of levying money in excess of said 65¢ rate or for the purpose of increasing the bonded indebtedness of said district to pay said sum of $4,000, and no such action has been taken by said district up to the present time.''

14. ''That said district, during said year, 1923, had no funds available for the purpose of completing and equipping its school building and no funds could have been made available for that purpose

528

without an election to increase the rate of levy or to vote to increase the bonded indebtedness of said district.''

15. ''That said district has not paid, or sought to pay, the said sum of $4,000 in controversy by regular tax levy in the usual and customary way or by the issuance of additional bonds by said school district.''

16. ''That said district did not by lawful order of record, or by any order of record, or in any other manner become a party to, execute, or authorize the execution of the alleged agreement in controversy; and that said district did not sign and execute the same in its corporate capacity or at all and that the four directors of said district who signed said alleged agreement did so without being authorized by the board of directors of said school district at a meeting of said board so to do.''

If there is a constitutional question in the case, then we have nothing further to do except to transfer this cause to the Supreme Court. Hence it is necessary to examine this point at the outset. Since the various so-called constitutional matters or questions have to do *only* with the *power* of the school board to borrow money and execute the note referred to herein, and since said school district and said Board of Directors as a board, are not parties to the agreement nor to this suit, and no judgment was rendered against them, and the individual defendants, if liable on the contract, would have been liable on the note, if it had been executed, *regardless* of the power or authority of the board or said school district to borrow the money or to execute the note, it is not seen how there can be any constitutional question involved in this case. And none is presented. Hence there is no duty resting upon us to transfer the cause to the Supreme Court, and the request that this be done is denied.

What is the true nature of the suit? Is it one upon a guaranty, or written proposal of guaranty? In other words, did the defendants, by the writing in question, agree that *if* the bank would lend the money to the school district, and it did not repay the loan, they (the defendants) would? In fact, the school district is not now a party to this suit, is not asked to pay the loan, nor looked to, in any manner, for repayment. And as the various so-called constitutional questions have to do only with the power of the school board to borrow the money and execute the note, and since the school board is *not a party to the contract nor to the suit*, and no judgment was rendered against it, and the individual defendants, if liable on the contract, would have been liable on the note if it had been executed, *regardless* of the power or authority of the school district to borrow the money or execute the note, there cannot be any constitutional question in the case and none is presented. Hence no duty rests upon us to certify or transfer this case to the Supreme Court.

The contention, again made on this appeal, that the petition does not state a cause of action was determined on the former appeal, where, as stated, the ruling was that it did, hence that ruling is the law of the case now. The principle of *stare decisis* controls, unless for very cogent reasons the question should be reexamined, none of which are shown or appear. [Leicher v. Keeney, 110 Mo. App. 292, 296; Roth, Admr., v. City of St. Joseph, 180 Mo. App. 380, 385.]

Since the various points raised by appellants are all based upon, or are elaborations of, the proposition that the petition does not state facts sufficient to constitute a cause of action, and since this point was ruled against appellants on the former appeal, we might rest an affirmance of the case upon this narrow ground, but we prefer not to do this.

In addition to the allegations of the petition hereinbefore shown, the written agreement shows on its face that it is *not* a *guaranty* or a proposal of guaranty. It states that whereas the Board of Directors contemplate the erection and equipment of a school building suitable and adequate, and whereas the amount of bonds voted is inadequate, "*We* hereby *bind* ourselves . . . *to borrow,* for the use and benefit of said school district, a sum of money not to exceed $4,000, we hereby agreeing and binding ourselves *to sign said note or notes,* with said board of directors, for said sum of money, or any renewal of said indebtedness in whole or in part, agreeing that this agreement shall stand until such a time when the sum so borrowed can be repaid either by regular tax levy . . . or by the issuance of additional bonds of said district." The agreement does not say the school board shall sign the note as principal and the individual as guarantors, nor was the plaintiff bound to obtain a note signed by the board and present it to the individuals for their signatures. So that the liability of the signers was not dependent upon the bank first agreeing to lend the money and the board signing the note, nor is it required that the petition state these allegations before it sets up a cause of action. The defendants agreed to *sign and deliver the note* the bank was to get; the obligation was absolute, and was not dependent upon the school board signing it. The agreed statement of facts say nothing of any such condition, but that the plaintiff demanded the execution of the note mentioned *in the agreement*. The agreed statement of facts also shows that the defendants refused to sign "*any note*" hence they cannot claim that they were justified in refusing to sign because of the failure of any condition being performed, and no condition of the kinds mentioned existed.

On the theory that the written agreement was a mere proposal of guaranty, point is made that it is not binding upon defendants until accepted by plaintiff and notice thereof given defendants. Passing for the moment the question of whether notice is necessary in the case

at bar, the fact is that plaintiff in advancing the money to the district and demanding of the defendants that they execute the note called for in the agreement, is notice that their so-called proposal had been accepted. Even if notice of acceptance be necessary the act of plaintiff showed that it had accepted, and this was sufficient. [Allen v. Chouteaux, 102 Mo. 309, 323.] But this is not a case where prior notice of acceptance is necessary. The agreement was unconditional, to borrow the money and to sign and deliver the note. Of course, there was a condition that the agreement was not to be *binding* until certain persons signed it, which condition was *fulfilled,* and hence as heretofore stated, need not be noticed, save perhaps to *impliedly* show that the agreement was understood as, and intended to be, binding when the *only* condition called for had been met. An *absolute* and *complete* undertaking to become responsible for the money advanced for the benefit of the school district requires no notice of acceptance. [Globe Printing Co. v. Bickley, 73 Mo. 499, 502.]

Again, the agreement constituting the so-called proposition, did not seek to have the bank *promise* something, but to *advance* the money and when it did this no notice of acceptance need be given defendants. [Leesley Brothers v. A. Reberi Fruit Co., 162 Mo. App. 195, 207; Williams v. Emerson, etc., Imp. Co., 198 S. W. 425, 427; 9 Cyc. 270; Carter v. Western Timber, etc., Co., 184 Mo. App. 523, 530.]

The defendants agreed to execute a note signed by them *with* the board of directors but even if the bank had *lent* the money *to the board alone,* the statute would make of defendants accommodation makers. [Sec. 2658, R. S. 1929.] And the *primary* liability of the defendants in that event would not be affected by the fact that the bank knew they were accommodation makers. [Moffat v. Greene, 149 Mo. 48, 54; Merchants, etc., Bank of Webb City v. Hille, 275 S. W. 560.] Moreover, the note would be the joint and several obligation of each defendant. [Sec. 2953, R. S. 1929; 13 C. J. 576, sec. 565.] And whether the school board had or did not have authority to borrow money or sign the note is wholly immaterial because the invalidity of the contract as to one co-maker does not affect its legality as to the other. [8 C. J. 69, sec. 104.] Consequently, if the note mentioned in the agreement had been delivered to the plaintiff bank and the money lent, it would have been enforcible against the defendants regardless of the fact that the school board was without authority to borrow the money and execute the note. [Scott v. Bankers Union, 85 Pac. 604; Atkinson v. Waidman, 47 N. W. 317; Taylor v. Dansby, 3 N. W. 267; Browning v. Carson, 39 N. E. 1037, 1038.]

It is true, the agreement provided that the defendants are bound to renew the note, if requested by the bank, until the debt is paid by the school district out of tax or bond money. This was not a provision that the note should be paid only by the school board out of

its funds, but was a provision as to the *time* the note should be renewed. [Ubsdell & Pierson v. Cunningham, 22 Mo. 124.]

This is not a case where the defendants are *not to become liable* unless or until a particular event happens, which proves to be an impossibility; it is one where they agreed to execute a note and to *become liable until* the event happens. Since the happening of the event can *never* come to pass, the liability continues until the obligation is paid. The money having been advanced on the strength of the agreement to execute the note and the bank having demanded the execution of the note, and defendants having broken the agreement to execute said note *or any note,* a final, absolute and unconditional refusal which shuts out all question as to a reasonable time to pay, entitles the bank to sue on the broken agreement and to recover the damages sustained by reason of advancing the money to accomplish the purpose defendants desired which was the consideration for their agreement.

The judgment for plaintiff is right. It should be, and is hereby, affirmed. All concur.