THE ÆTNA CASUALTY AND SURETY COMPANY, Respondent, v. TRAMLEY, INC., et al., Appellants.

(Argued October 13, 1932; decided November 22, 1932.)

*Alfred B. Nathan* for appellants. The judgment is not only erroneous but void, because it attempts to interfere with and abrogate a transfer of the property of an alleged bankrupt, which was made pursuant to the order of the Bankruptcy Court having jurisdiction thereof. (*Stellwagen* v. *Clum,* 245 U. S. 605; *Matter of Watts,* 190 U. S. 1; *Taubel* v. *Fox,* 264 U. S. 426; *Brenen* v. *Dahlstrom,* 189 App. Div. 685; *Conner* v. *Long,* 104 U. S. 228.) The juris-

diction of the Bankruptcy Court, when properly invoked, is exclusive and its administration of the affairs of a bankrupt and its distribution of his property in the actual possession of the bankrupt, to the bankrupt's creditors, cannot be questioned or interfered with by any State court. (*Straton* v. *New*, 283 U. S. 318; *Robertson* v. *Howard*, 229 U. S. 254; *Isaacs* v. *Hobbs*, 282 U. S. 734; *Matter of Yaryan Co.*, 214 Fed. Rep. 563; *Matter of Watts*, 190 U. S. 1; *Skilton* v. *Coddington*, 185 N. Y. 80.) The Bankruptcy Court acquired jurisdiction by the filing of the bankruptcy petition, and the composition with the bankruptcy creditors which was made was not only an integral part of the bankruptcy proceedings, but, when approved by order of the Bankruptcy Court, was final and conclusive, and the transfer of assets made pursuant to that composition could neither be attacked nor indirectly set aside as fraudulent by any State court. (*Reed* v. *Thornton*, 43 Fed. Rep. [2d] 813; *Straton* v. *New*, 283 U. S. 318; *Cameron* v. *United States*, 231 U. S. 710; *Harris* v. *Steinwax*, 205 App. Div. 317; *N. Y. Institution* v. *Crockett*, 117 App. Div. 269; *Whittlesey* v. *Becker*, 142 App. Div. 313; *Bank* v. *St. Louis Coke Co.*, 29 Fed. Rep. [2d] 506; *Matter of Klein*, 22 Fed. Rep. [2d] 906; *Myers* v. *Trust Co.*, 273 U. S. 380; *Matter of Vandeweghe*, 49 Fed. Rep. [2d] 939; *Matter of Bickmore*, 263 Fed. Rep. 926; *Nassau Works* v. *Brightwood*, 265 U. S. 269; *Kobre* v. *Baker*, 178 App. Div. 62; 221 N. Y. 616; *Matter of Finkelstein*, 298 Fed. Rep. 11; *Matter of Wayne Realty Co.*, 275 Fed. Rep. 955; *Matter of Englander's, Inc.*, 267 Fed. Rep. 1012.) The judgment giving a lien to plaintiff upon the transferred assets and also upon the other assets in place of such portion of the transferred assets as was sold, was unauthorized and the court below was without power to make the same. (*Home Bank* v. *Brewster*, 15 App. Div. 338; *Easton Bank* v. *Buffalo Chemical Works*, 48 Hun, 557; *Creteau* v. *Foote*, 54 App. Div. 168; *Lemberger* v. *Kaner*, 227 App. Div. 816; 255 N. Y. 601.)

*Vincent A. O'Connor* for respondent. The assets of a corporation constitute a trust fund for the payment of its debts and are impressed with an equitable lien therefor. (*Hurd* v. *New York & Commercial Steam Laundry Co.*, 167 N. Y. 89; *Bartlett* v. *Drew*, 57 N. Y. 589; *Trotter* v. *Lisman*, 209 N. Y. 174.) It is only provable claims that are ever discharged by bankruptcy, and all others continue as valid and subsisting liabilities against the alleged bankrupt. (*Matter of Cushman*, 3 Fed. Rep. [2d] 494; *Matter of Frischknecht*, 223 Fed. Rep. 417; *Matter of Roth & Appel*, 191 Fed. Rep. 667; *Schneck* v. *Lewis*, 121 Misc. Rep. 370; 210 App. Div. 845; *Scott* v. *Demarest*, 75 Misc. Rep. 289; *Meyers* v. *International Trust Co.*, 273 U. S. 380; *Nassau Works* v. *Brightwood Co.*, 265 U. S. 269; *Friend* v. *Talcott*, 228 U. S. 27.) Plaintiff's claim was unaffected by the bankruptcy proceeding, the composition agreement or the order. (Bankruptcy Act, § 14-c; *American Can Co.* v. *Schenkel*, 110 Misc. Rep. 345; *Wood & Sellick* v. *Vandeveer*, 55 App. Div. 549; *Matter of Frischknecht*, 223 Fed. Rep. 417.) The transfer of assets was fraudulent as to the plaintiff. (*Liebowitz* v. *Arrow Roofing Co.*, 259 N. Y. 391; *Booth* v. *Bunce*, 33 N. Y. 139; *Wabash Ry. Co.* v. *American Ref. Transit Co.*, 7 Fed. Rep. [2d] 335; *Matter of Reeger, Kaspir & Altmark*, 157 Fed. Rep. 609.)

KELLOGG, J. The complaint alleges an indebtedness of the defendant Lucy Lou Shops, Inc., to the plaintiff; the recovery of a judgment against such defendant in favor of the plaintiff on the 11th day of August, 1930; the issue and return unsatisfied of an execution upon the judgment; the institution of proceedings supplementary to execution. It asserts that in these proceedings Irving H. Vogel, the president of Lucy Lou Shops, Inc., appeared as a witness and made certain statements, some of which are quoted in full. These statements were to the effect that on some occasion, the date of which is not given, Lucy Lou Shops, Inc., transferred all its assets to the

defendant, Tramley, Inc., of which Vogel was likewise president; that the transfer was without consideration. Nowhere does it appear, either as a fact asserted by the complaint, or as a 'fact stated by Vogel, that Lucy Lou Shops, Inc., at the time of the transfer to Tramley, Inc., was indebted to the plaintiff in any sum whatever; that Lucy Lou Shops, Inc., was then insolvent; that the transfer was made with the intent to hinder, delay and defraud creditors. Nowhere is it asserted in the complaint, as it was subsequently proven upon the trial, that when the transfer from Lucy Lou Shops, Inc., to Tramley, Inc., was made, the former corporation was in bankruptcy; that the transfer was authorized by a composition agreement among the creditors in bankruptcy of Lucy Lou Shops, Inc., and was made to carry out its terms; that the composition was made in compliance with the provisions of section 12 of the Bankruptcy Act; that the composition had been approved by the Federal court. No attack is made upon the composition or the order approving it, as having been obtained by fraud. Yet upon this wholly inadequate complaint, which asserts no fact material to the statement of any cause of action whatever the Special Term, after a trial, found that " the purported transfer of all of the assets of Lucy Lou Shops, Inc., to Tramley, Inc., was in fraud of the plaintiff;" that the transfer " is void, set aside and cancelled as to the plaintiff herein." Having so found, the court proceeded to sign a judgment, wherein it is decreed, not that the transaction be rescinded, but that the plaintiff is entitled to a lien upon all the assets of Lucy Lou Shops, Inc., now in the possession of the defendant Tramley, Inc., to the extent of the judgment previously obtained by the plaintiff. There are many reasons, however, other than the inadequacy of the complaint or the inconsistencies of the decision, why the judgment must be reversed.

The creditors of Lucy Lou Shops, Inc., on October 10, 1929, filed a petition in bankruptcy court to have that

corporation adjudged a bankrupt. Thereafter claims of creditors were presented to the referee in bankruptcy and allowed or rejected by him. At that time the plaintiff was surety upon several bonds, given to secure the payment of rent upon various leases of real property, held by Lucy Lou Shops, Inc. All rents had been paid by the tenant to the date of the filing of the bankruptcy petition, so that, at the time thereof, the plaintiff was not an actual creditor, although, in certain contingencies, it might become such. Claims presented by the plaintiff to the bankruptcy court, since they did not represent " a fixed liability " (Bankruptcy Act, § 63) were, therefore, rejected by the referee.

Subsequently to the happening of these events, the defendant Lucy Lou Shops, Inc., made an offer of composition to all its creditors in bankruptcy, as provided by section 12 of the Bankruptcy Act. The offer was to pay, in settlement of all provable claims, the sum of fifty per cent thereof, payable as follows: Fifteen per cent in cash; fifteen per cent in notes guaranteed by its president, Irving H. Vogel; and twenty per cent in preferred stock of a corporation to be organized and known as Tramley, Inc., in consideration of the issue of which to creditors, Lucy Lou Shops, Inc., was to transfer its assets to Tramley, Inc. On December 23, 1929, at a meeting of creditors held before the referee, the creditors having proven claims accepted the composition offered. The composition was finally confirmed, on January 13, 1930, by an order of the United States District Court.

The order of confirmation recites the terms of the composition offer; the acceptance in writing of the offer by a majority of creditors having proven claims. It declares " that said composition is for the best interest of creditors;" that the offer and its acceptance " are made in good faith and have not been made or procured by any means, averments or acts contrary to the Acts of Congress relating to Bankruptcy." It

decrees that " the said composition be and the same hereby is confirmed;" that the moneys deposited, in pursuance of the composition, " to the credit of the Judges of this Court," be distributed by checks drawn by the referee to the various creditors in a specified order; that " Nat. J. Neuman, as comptroller of the alleged bankrupt " shall " turn over all the assets or property in his possession to the alleged bankrupt or its designee." Pursuant to the terms of the composition agreement there was organized the corporation the defendant Tramley, Inc.; there were transferred to Tramley, Inc., all the assets of Lucy Lou Shops, Inc.; there were paid over to the creditors of Lucy Lou Shops, Inc., all the cash, the notes guaranteed by Vogel and the preferred stock of Tramley, Inc., as provided in the agreement; and all things were done as provided in the composition and the order approving the same.

On the merits, not a fact may be adduced which impugns the good faith of the composition or the transfer provided for therein. The filing of the petition in bankruptcy was an assertion of the exclusive jurisdiction of the Federal court over the status of the bankrupt, and the settlement and distribution of its estate. " This jurisdiction is exclusive within the field defined by the law, and is so far *in rem* that the estate is regarded as *in custodia legis* from the filing of the petition." (*Straton* v. *New*, 283 U. S. 318, 321.) In contemplation of law, all the assets of Lucy Lou Shops, Inc., from the date of the filing of the petition, were in the possession of the Federal court, awaiting disposal thereof and a distribution among creditors having provable claims. The plaintiff not then having a provable claim, had no interest, legal or equitable, in the assets of Lucy Lou Shops, Inc. The court directed a transfer of these assets, possessed by it, to Tramley, Inc., in consideration, among other things, that Tramley, Inc., would deliver twenty per cent of its preferred stock to the creditors of Lucy Lou Shops,

Inc., and that cash and notes would likewise be paid over by others. The benefit accruing to the latter corporation through the transfer was a discharge from all the debts provable against it in bankruptcy. The transfer, made in compliance with the composition, could have defrauded no creditor, since only those creditors entitled to share in the transferred assets, of whom the plaintiff was not one, were the sole beneficiaries thereof, and expressly gave their consent thereto. It could not have been fraudulent, unless we are prepared to say that the District Court, which approved it, was a participant in the fraud. Moreover, the plaintiff was in no wise aggrieved thereby, for if the composition had failed of approval, the assets of Lucy Lou Shops, Inc., would have been administered in bankruptcy and the plaintiff would have had no share therein. " Whenever a composition is not confirmed, the estate shall be administered in bankruptcy as herein provided." (Bankruptcy Act, § 12.) The suggestion made that the plaintiff, since it was not a party to the composition, was not bound by the order approving the composition has no merit. The plaintiff was a party to the bankruptcy proceedings through the notices published to all creditors. These proceedings were *in rem* (*Straton* v. *New*, *supra*), and, of course, the District Court had adequate and exclusive power to make disposal of the *res* committed to its control by the filing of the bankruptcy petition, and to pass unassailable title to such assets.

The Special Term had no jurisdiction to declare the transfer fraudulent. The Bankruptcy Act makes an exclusive provision whereby a composition may be set aside as follows: " The judge may, upon the application of parties in interest filed at any time within six months after a composition has been confirmed, set the same aside and reinstate the case if it shall be made to appear upon a trial that fraud was practiced in the procuring of such composition, and that the knowledge thereof has

come to the petitioners since the confirmation of such composition." (§ 13.) It has been said that when bankruptcy takes effect all State laws " are suspended" (*Stellwagen* v. *Clum*, 245 U. S. 605, 613); that in " matters relating to bankruptcy " the power of the Federal court " is paramount " (*Taubel-Scott-Kitzmiller Co.* v. *Fox*, 264 U. S. 426, 430); that the power of that " court " is " essentially exclusive." (*Matter of Watts*, 190 U. S. 1, 27.) " No other court can set aside a composition except the court of bankruptcy which confirmed the composition. An order of confirmation of a composition cannot be assailed collaterally in any other court, even for fraud in procuring it." (2 Loveland on Bankruptcy [4th ed.], p. 1285.) To the same effect are Brandenburg on Bankruptcy (4th ed. p. 923); Black on Bankruptcy (2d ed. p. 661); Collier on Bankruptcy [Gilbert's] (p. 290). Collier says that " a composition if attacked for fraud must be so attacked in a court of bankruptcy." Black says: " A composition confirmed by the court of bankruptcy cannot be impeached in any collateral proceeding in a state court."

The Special Term, although finding that the transfer authorized by the composition, and approved by the Federal court, was fraudulent and void, made no provision for the restoration of the *status quo* before the transfer, the ordinary result flowing from a rescission for fraud. Instead, it provided that the assets of Lucy Lou Shops, Inc., remaining in the hands of Tramley, Inc., be and remain subject to a lien in favor of the plaintiff for the security of its judgment. Under the composition agreement, the creditors were to receive satisfaction of their claims to the extent of twenty per cent thereof in the form of preferred stock of Tramley, Inc. The preferred stock to be paid over was stock in a corporation the assets of which were unincumbered by any lien. Thus, it is apparent that when the Special Term declared the assets of Tramley, Inc., subject to a lien in favor of

the plaintiff, it made an attempt not only to alter the terms of an agreement, as made between the parties, but as well to amend the terms of an order of the Federal court confirming the agreement. If valid, this strange result would have followed: The plaintiff, not having in bankruptcy a provable claim, even as a general creditor, through a composition arising in bankruptcy, but modified by the Special Term, would have become a preferred creditor, having a right to distribution superior to all creditors whose claims had been allowed by the bankruptcy court. It is self-evident that the Special Term had neither power nor jurisdiction to grant the judgment rendered.

The judgment of the Appellate Division and that of the Special Term should be reversed and the complaint dismissed with costs in all courts.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS and CROUCH, JJ., concur with KELLOGG, J.; LEHMAN, J., concurs in result.

Judgments reversed, etc.