## GORIN et al. v. MOSS et al.
### No. 14051.

Court of Civil Appeals of Texas.
Fort Worth.
March 15, 1940.

McDonald & Anderson, of Wichita Falls, for appellants.

J. V. Patterson and C. T. Gettys, both of Decatur, and W. E. George, of Wichita Falls, for appellees.

BROWN, Justice.

This is a suit in trespass to try title, brought on November 14th, 1938, by appellees, I. W. Moss and wife, against Edna Gorin and her husband, Claude Gorin. The cause was tried to the court and resulted in a judgment for the plaintiffs, and defendants have appealed.

Edna Gorin is a daughter of Olan White, who bought the lands in controversy on February 1st, 1932, from J. M. Reed and others, who executed a proper deed thereto.

On March 22nd, 1934, Olan White conveyed the property to M. M. Spurrell, and Spurrell, on April 28th, 1934, conveyed same to A. W. Crofton, and Crofton conveyed same to W. E. George on April 2nd, 1937, and George conveyed same to W. A. Baker on April 5th, 1937, and Baker, on September 17th, 1937, conveyed same to the plaintiffs, I. W. Moss and wife, Birdie Krebs Moss.

In addition to the formal answer, the defendants alleged that Mrs. Edna Gorin was, on or about April 11th, 1932, a single woman, named Edna White, that she was a minor 15 years of age, and that, on such date, her father deeded the property to her, making her a gift of the lands; that she married Claude Gorin on or about October 5th, 1935, with whom she has lived ever since; that she has at all times claimed the lands as her separate estate; that she and her husband did not know of any adverse claim to the land being asserted by any person until in the month of October, 1938, when one of plaintiffs' attorneys sought to induce them to execute a quitclaim deed to the lands to Moss and wife, all of which they refused to do. That said counsel for plaintiffs exhibited an abstract of title covering the lands which purported to contain a deed executed by her to her father, conveying the lands to him, some time in the year 1934; that when confronted with such purported deed she (Mrs. Gorin) promptly disaffirmed it and that she now disaffirms it, and that she never knowingly signed such an instrument and never legally acknowledged it, and that it purports to have been executed by her when she was only 17 years old. She alleged that such deed is void, and if not void, that it is voidable by her, and she "disavows and disaffirms said deed"; that it constitutes a cloud upon her title and she prays that the deed be cancelled and the cloud thus cast be removed. The defendants prayed that plaintiffs take nothing and that Mrs. Gorin recover judgment as prayed for.

The plaintiffs, in answer to such pleading, alleged that the deed from Olan White to his daughter Edna was one conveying the property to the daughter in trust, to be held by her in such capacity and to be reconveyed to the father at his instance and request. The pleading further alleges that, if at the time Edna White reconveyed the lands to her father she was in fact a minor, she failed to disaffirm such deed within a reasonable time after she reached her majority, and after she became of legal age by marriage.

In answer to such replication by the plaintiffs, the defendants alleged that the deed was executed to White without any consideration moving to Edna White.

A very interesting question, raised by the facts, occurs to us: Olan White, grantee in the deed from his daughter, Edna, was not made a party to her cross-action, in which she seeks cancellation of such deed. He is living and is a resident citizen of the State of Texas.

If the rule in cases for rescission and cancellation which requires that all parties to a deed, contract or other writing, or interested in the contract, must be made either parties plaintiff or defendant is to be recognized; and if the reason for such rule is sound—the reason being that the decree operates in personam, rather than in rem, and the rights and interests of all persons growing out of or connected with the subject matter of the dispute must be adjudicated in one suit—then we are confronted with the following probable and altogether possible situation: suppose the deed from Edna White (Gorin) to Olan White is cancelled in this proceeding, to which Olan White is not a party, and then a suit or suits on the several warranties be brought, and Olan White succeeds in the suit against him in showing that he had title to the lands and conveyed a good and merchantable fee-simple title to his grantee, we would have the ridiculous example of the deed being upheld in one suit and destroyed in another.

But be that as it may, the trial court heard all of the witnesses and weighed the testimony and concluded that the plaintiffs are entitled to recover against defendants. Neither the trial court, sitting in the absence of a jury, nor the jury, must of necessity accept the testimony of a party to the suit, and if the court or jury disbelieves the party, they have the right to disregard all, or any portion, of such party's testimony and may look to other circumstances in arriving at a decision.

Moore v. Conway, Tex.Civ.App., 108 S. W.2d 954, in which scores of cases are cited, many of them Supreme Court decisions, clearly announces this rule.

The trial court could have rendered judgment for the plaintiffs on more than one theory, and after reading the entire statement of facts, we conclude that the judgment of the trial court should be affirmed.