Helen Johnson CHATMAN et vir, Appellants,

v.

A. H. KRUEGER et al., Appellees.

No. 12800.

Court of Civil Appeals of Texas.

Galveston.

March 31, 1955.

Rehearing Denied April 28, 1955.

J. P. Markham, Jr., Houston, for appellant.

Cutrer & Cook, Thomas Burrus, Houston, for appellee A. H. Krueger.

Ira P. & Elliot W. Jones, Houston, for appellee Herman E. Detering.

GRAVES, Justice.

Appellee, A. H. Krueger, sued to recover certain sums of money alleged to be due on an indebtedness arising out of work done under a construction contract between the appellants, Helen Johnson Chatman and Fred D. Chatman, and J. M. Edwards, which contract had been assigned by the latter, J. M. Edwards, to the appellee here, A. H. Krueger.

Subsequent thereto, A. H. Krueger, in turn, assigned to appellee, Herman E. Detering, a first and superior interest of $1,000 in the note evidencing such debt, and in the cited contract.

The contract provided that, if for any reason the work contracted for was not completed, then the contractor, or his as-signee, would be entitled to a lien for the contract price, less the amount reasonably necessary to complete the work according to the plans and specifications.

The trial court, sitting without a jury, found that the contractor, J. M. Edwards, did not complete all of the work under such contract, and that the amount of $3,265 would be reasonably necessary to complete all the improvements.

The court then allowed appellees a recovery of $3,270, together with interest and attorneys' fees. It found that the property, on which appellees' liens were so fixed, had been taken over by the City of Houston, by a condemnation, and that appellees were entitled to foreclosure of their respective liens against the funds paid therefor by the City into the registry of the court for so taking the property over, which amounted to the total sum of $14,444.13.

In this Court appellants do not contend that they are entitled to any reversal of the trial court's stated disposition of the cause in favor of Herman E. Detering, wherefore he passes out of the cause.

As against the other appellees, A. H. Krueger and Krueger Lumber Company, they present some six points of error, attacking the amounts adjudged in favor of the other appellees herein as having been without support in the pleadings and evidence; especially as to the court's findings against them that $1,273 was the amount reasonably necessary to complete the improvements on the garage apartment on the premises, and that $1,992 was the amount that would be reasonably necessary to complete the improvements on the dwelling itself on the premises.

After its review of the record and the briefs, and its hearing of the parties upon oral argument of the cause, this Court is unable to agree with the appellants and their presentments here; concluding rather that the trial court's finding that the contractor Edwards did not complete all of the work under his contract therefor, and that the sum of $3,270, inclusive of interest and attorneys' fees, would be necessary to com-

plete all of such improvements, was fully supported by the evidence. There were two features as to which the property, upon coming into the possession of the appellees, was incomplete; that is, the garage apartment thereon, which was separate from the house, and the house itself.

There can be no doubt, it is thought, that the evidence before the court was sufficient to support its finding that the sum of $1,273 was reasonably necessary to complete the improvements on the garage apartment, and that the further sum of $1,992—so expended by appellees—was reasonably necessary to complete the improvements on the house itself, pursuant to the plans and specifications therefor. These authorities, as relied upon by the appellee Krueger, are thought to be sufficient to support the trial court's stated findings in his favor: 17 Tex.Jur. 793, Sec. 353; Texarkana & Ft. S. Ry. Co. v. Brass, Tex.Com.App., 260 S.W. 828; Quanah, A. & P. Ry. Co. v. Wiseman, Tex. Civ.App., 247 S.W. 695; Shropshire v. Alvarado State Bank, Tex.Civ.App., 196 S. W. 977; Gorin v. Moss, Tex.Civ.App., 138 S.W.2d 612.

Appellants' last three points—their numbers IV, V, and VI—deal with whether or not the appellee Krueger still owns the indebtedness, upon which this suit was founded, insisting that the title to all his assets had passed by law into the trustee in bankruptcy. Wherefore, the trial court in this suit erred in awarding him any judgment, since the legal title to the contract and the indebtedness sued for now having passed to Krueger's trustee in bankruptcy, and there having been no conveyance of it out of such trustee sufficient to convey back to him the contract, or indebtedness herein sued upon, he could not recover.

■ Appellants' position upon this feature must, it is thought, be held to be unsound; this, for the reason that the record unmistakably shows, in such bankruptcy case, that is, "In the Matter of Arthur H. Krueger, and Krueger Lumber Co., Inc.," that the title to the note and contract involved in this appeal revested in the appellee Krueger; and, under our authorities, that judgment in bankruptcy is not subject to a collateral attack upon it by the appellants in this proceeding. Title 11, Chapter XI, Section 786, U.S.C.A.; In re B. Jacobson & Son Co., 3 Cir., 196 F. 949; In re Silberstein, D.C., 225 F. 665; 25 Tex.Jur. 700, Sec. 258; Martin v. Sheppard, 145 Tex. 639, 201 S.W.2d 810; Heard v. State, 146 Tex. 139, 204 S.W.2d 344; Aetna Casualty & Surety Co. v. Tramley, Inc., 260 N.Y. 280, 183 N.E. 425.

The entire judgment of the Referee in Bankruptcy, referred to, was introduced as Exhibit No. 10 in the statement of facts there; whereas, the cited Title 11, Chapter XI, Sec. 786 of the U.S.C.A., provides that the quoted conclusiveness of its judgment providing for a discharge, and so forth, in bankruptcy, and confirming such an arrangement as was made as to the indebtedness here involved, could only be attacked by an application of an interested party therein, filed within six months after the date of the bankrupt's discharge; wherefore, the undisputed evidence here having shown no such an attack had been made, that provision of the bankrupt court had become final and binding against the world, even as against a creditor of the bankrupt, or the trustee in bankruptcy, the cited authorities supra so determine.

. It is not deemed essential that the cited provisions in the bankruptcy judgment be set out here, since the entire proceeding was in evidence in the trial court, as indicated supra.

This matter having been so set at rest by the bankruptcy proceeding, and the cited authorities giving them effect, it is deemed wholly unnecessary to re-argue them with the appellants here, since this Court holds such proceedings to be conclusive of the title to the note and contract in dispute in the appellee Krueger; especially so, since under all the authorities, such judgment of the Bankruptcy Court is not subject to collateral attack in this proceeding.

The trial court's judgment is affirmed.